RECEIVED

MAY 2 2 2025

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**MINNEAPOLIS DIVISION**

-------------------------------------------------------------

Robert Brooks Hoel,
Plaintiff,

Case No.  25-cv-2212-JRT/JFD

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

[JURY TRIAL DEMANDED]

v.

City of Minneapolis; Minneapolis Police Department; Hennepin County Sheriff's Office;
Officer Adnan Dipovic, Badge #1537; Officer Stephen Sporny, Badge #6736; Sergeant
David Gagnon, Badge #9315; John Does 1–X,
Defendants.

-------------------------------------------------------------

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MINNEAPOLIS DIVISION


Robert Brooks Hoel,

Plaintiff,

v.

City of Minneapolis; Minneapolis Police Department; Hennepin County Sheriff's Office;
Officer Adnan Dipovic, Badge #1537; Officer Stephen Sporny, Badge #6736; Sergeant
David Gagnon, Badge #9315; John Does 1–X,

Defendants.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Claims under 42 U.S.C. § 1983 for Fourth and Fourteenth Amendment violations;

Claims under 42 U.S.C. §§ 1985 and 1986 for conspiracy;

Monell claim against City of Minneapolis;

State tort claims including conversion and misconduct

## I. PARTIES

Plaintiff Robert Brooks Hoel is a private individual and a domiciliary of Minnesota, currently receiving mail at General Delivery, Minneapolis, MN 55401, in propria persona, sui juris.

Defendant City of Minneapolis is a municipal corporation responsible for the policies, practices, and customs of the Minneapolis Police Department.

Defendant Minneapolis Police Department is the law enforcement agency of the City of Minneapolis, named here for identification and policy liability purposes.

Defendant Hennepin County Sheriff's Office is responsible for maintaining the jail and the deputies who detained and processed Plaintiff.

Defendant Officer Adnan Dipovic, Badge #1537, is a Minneapolis police officer who acted under color of law during the events described herein.

Defendant Officer Stephen Sporny, Badge #6736, is a Minneapolis police officer who acted under color of law during the events described herein.

Defendant Sergeant David Gagnon, Badge #9315, is a supervisory officer in the Minneapolis Police Department responsible for post-arrest property handling and procedures.

Defendants John Does 1–X are unidentified Hennepin County Sheriff's Deputies involved in Plaintiff's detention, processing, and custody.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367 for claims arising under federal law and supplemental state claims.

Venue is proper in this District under 28 U.S.C. § 1391 because the events occurred in Minneapolis, Minnesota.

## III. FACTUAL ALLEGATIONS

On June 5, 2024, Plaintiff was unlawfully arrested by Defendant Officers Dipovic and Sporny without a warrant, valid probable cause, or exigent circumstances.

The arrest was based on a vague 911 report alleging theft, but no narcotics or criminal activity was substantiated.

During arrest, officers searched Plaintiff's pockets without consent or warrant, seized personal gemstones, referred to as "rocks," and discarded them onto loose dirt at a roadside construction area, resulting in loss and damage to these spiritually valuable items.

Plaintiff was held in custody for three days in cold jail conditions at the Hennepin County Jail, operated by the Hennepin County Sheriff's Office.

Plaintiff was forced under duress to identify himself to secure release and retrieve the discarded gemstones.

Following release, Plaintiff repeatedly contacted Sergeant Gagnon and other officials to recover his personal property, including a bicycle, laptop, digital camera, two bags, and a custom Swiss Army knife, but was refused or ignored.

Despite numerous calls and messages, Plaintiff's bicycle remains unreleased, and other personal property was lost, destroyed, or mishandled without due process.

Defendant Minneapolis Police Department and the City of Minneapolis failed to train and supervise officers and jail deputies, contributing to the unlawful arrest, property loss, and violations of Plaintiff's constitutional rights.

Defendants John Does 1–X participated in Plaintiff's unlawful detention and mistreatment.

## IV. CLAIMS FOR RELIEF

Count 1: False Arrest and Unlawful Detention (42 U.S.C. § 1983, Fourth and Fourteenth Amendments)

Plaintiff was arrested without probable cause or warrant, violating his Fourth Amendment rights.

Plaintiff was unlawfully detained for three days without charges, violating due process under the Fourteenth Amendment.

Count 2: Unlawful Search and Seizure (42 U.S.C. § 1983, Fourth Amendment)

Plaintiff's person and property were searched and seized without consent or warrant.

Personal gemstones and other property were unlawfully taken and discarded, resulting in deprivation without due process.

Count 3: Failure to Train and Supervise (Monell Claim Against City of Minneapolis)

City of Minneapolis and Minneapolis Police Department maintain policies or customs of inadequate training and supervision, causing violations of constitutional rights.

Count 4: Civil Conspiracy (42 U.S.C. §§ 1985 & 1986)

Defendants conspired to violate Plaintiff's civil rights, including unlawful arrest, detention, and property deprivation.

Defendants failed to prevent or remedy these conspiracies.

Count 5: State Law Claims for Conversion and Misconduct

Defendants unlawfully destroyed or converted Plaintiff's personal property without compensation or due process.

V. DAMAGES

Plaintiff has suffered the following damages as a direct and proximate result of Defendants' conduct:

$250,000 in compensatory damages for loss and destruction of personal property including gemstones, bicycle, laptop, camera, bags, and knife;

$150,000 in compensatory damages for emotional, spiritual, and mental distress caused by the unlawful arrest, detention, and mistreatment;

$500,000 in punitive damages to punish Defendants for their reckless, willful, and malicious conduct and to deter future violations;

Costs of this action and any other relief deemed just and proper.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments;

B. Enter judgment against Defendants for compensatory damages in the amount of $400,000;

C. Award punitive damages in the amount of $500,000;

D. Order injunctive relief requiring Defendants to preserve and release any remaining body worn camera footage and return any remaining personal property;

E. Award Plaintiff costs, fees, and any other equitable relief this Court deems just and proper;

F. Grant such further relief as the Court may deem just and proper.


## VII. JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.


## VIII. PLAINTIFF'S CONTACT INFORMATION

Robert Brooks Hoel

General Delivery

Minneapolis, MN 55401

In propria persona, sui juris


Respectfully submitted,

By: _____

Robert Brooks Hoel
In propria persona, sui juris
General Delivery
Minneapolis, MN 55401


Verification

STATE OF MINNESOTA
)

) ss.:

COUNTY OF HENNEPIN
)

Robert Brooks Hoel, being duly sworn, deposes and says that I am the Plaintiff in the above-captioned action and have authorized the filing of this Complaint. I have reviewed the allegations made in the Complaint, and to those allegations of which I have personal knowledge, I believe them to be true. As to those allegations of which I do not have personal knowledge, I rely on information or documents and believe them to be true.

Robert Brooks Hoel

Sworn to me this ____ day of _____, 2025.

_____

Notary Public