**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Robert Brooks Hoel,

                    Plaintiff,

vs.

City of Minneapolis, Minneapolis Police
Department, Hennepin County Sheriff's
Office, Officer Adnan Didovic, Officer
Stephen Sporny, Sergeant Phillip
Gangnon, John Does 1-X,

                    Defendants.

Case No. 25-cv-02212 (JRT/JFD)

**DEFENDANT HENNEPIN COUNTY
SHERIFF OFFICE'S MEMORANDUM
OF LAW IN SUPPORT OF MOTION
TO DISMISS**

---

**INTRODUCTION**

Plaintiff Robert Broks Hoel ("Hoel") alleges he was arrested by Minneapolis Police

Officers on June 5, 2024, and held in the Hennepin County Jail for three days. (Amended

Complaint ECF No. 9, at 3-4.) So far as Defendant Hennepin County Sheriff's Office

understands Hoel's factual allegations against it, they are limited to the following:

> Plaintiff was held in custody for three days in cold jail
> conditions at the Hennepin County Jail, operated by the
> Hennepin County Sheriff's Office.
>
> Plaintiff was forced under duress to identify himself to secure
> release and retrieve the discarded gemstones.

(*Id*.) Based on these sparse allegations, Hoel claims he was unlawfully detained, that

unspecified Defendants conspired to violate his rights, and that further unspecified parties

destroyed or converted his personal property. Hoel has failed to plead facts sufficient to

support municipal liability, conspiracy, or violations of his constitutional rights. His

Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed.

**FACTUAL BACKGROUND[1]**

On June 5, 2024, Hoel claims he was arrested by Minneapolis Police Officers "based on a vague 911 report." (*Id*, at 3.) Hoel alleges he was subjected to a search and seizure incident to arrest by these Officers, and that his "personal gemstones, referred to as 'rocks'" were discarded. (*Id*.) Following his arrest, Hoel alleges he was held in custody in "cold jail conditions," and "forced . . . to identify himself to secure release and retrieve" his "gemstones." (*Id*, at 3-4.)

Following release, Hoel claims he has attempted to contact the arresting officers and "other officials" to recover his property, that it has not been released or was otherwise "lost, destroyed, or mishandled," and that Minneapolis entities failed to train and supervise law enforcement officers and jail deputies. (*Id*, at 4.) Hoel lastly asserts that unidentified Defendant "John Does 1-X participated in [his] unlawful detention and mistreatment." (*Id*.)

Hoel does not specifically name Defendant Hennepin County Sheriff's Office, or any Hennepin County entity or employee in any of his underlying claims, but alleges unspecified "Defendants conspired to violate [his] civil rights" and "unlawfully destroyed or converted [his] personal property." (*Id*, at 5.)

---

[1]     The allegations in the Amended Complaint are taken as true only for the purposes of the instant motion to dismiss, but remain unproven allegations provided here only as context.

Hoel seeks declaratory relief against all defendants for allegedly violating his constitutional rights, injunctive relief against all defendants to "preserve and release" body-worn camera footage and return his personal property, as well as monetary and punitive damages. (*Id*, at 6.) The Hennepin County Sheriff's Office now moves to dismiss all claims against it.

## ARGUMENT

### I. Hoel's Amended Complaint Fails to State a Claim Against Defendant Hennepin County Sheriff's Office and Should be Dismissed.

#### a. Legal Standard

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting the foregoing in relevant part); *see also Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (same). Facial plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (further holding a complaint must contain "sufficient factual matter" to avoid dismissal). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

*Pro se* pleadings should be construed liberally, but "may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The liberal construction of a *pro se*

complaint means that the complaint should be construed "in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (emphasis supplied). However, this does not require the Court "to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Id.*; *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (providing that the Court "will not supply additional facts, nor […] construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

In addition, Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Indeterminate factual allegations cannot stand alone, and the Court may properly set aside legal conclusions or bare recitations of the elements of a claim. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 556 U.S. at 677, *quoting in turn Twombly*, 550 U.S. at 555); *see also Higgins v. Carter*, 258 F.3d 797, 800 (8th Cir. 2001).

Hoel's Amended Complaint fails to contain "more than an unadorned, the-defendant[s]-unlawfully-harmed-me accusation" or otherwise present a plausible claim for relief against the Hennepin County Sheriff's Office. *Iqbal*, 556 U.S. at 678. The Amended Complaint should be dismissed.

### a.  *The Hennepin County Sheriff's Office Is Not a Legal Entity Subject to Suit.*

In both his Original Complaint and Amended Complaint, Plaintiff names the Hennepin County Sheriff's Office as a defendant. A County department or office is not a proper legal entity subject to suit. *In re Scott Cnty. Master Docket*, 672 F. Supp. 1152, 1187 n. 1 (D. Minn. 1987), aff'd sub nom. *Myers v. Scott Cnty.*, 868 F.2d 1017 (8th Cir. 1989) ("[County]

4

departments or offices are not legal entities subject to suit; therefore, the claims against them must be dismissed."). Accordingly, Hoel's claims against the Hennepin County Sheriff's Office must be dismissed.

### b. The Amended Complaint fails to allege sufficient facts to sustain a Section 1983 municipal liability claim against Hennepin County.

Even if Plaintiff's Amended Complaint could be read to name Hennepin County as a defendant (it cannot), the Amended Complaint fails to state a Section 1983 municipal liability claim against Hennepin County.

Claims under the U.S. Constitution and federal statutes may be asserted against government officials and municipalities pursuant to § 1983. *See, e.g.*, *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("Section 1983…provides a means to vindicate rights conferred by the Constitution or the laws of the United States."). "Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). A suit against a public employee in their official capacity "is merely a suit against the public employer." *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "This rule is strictly enforced against a pro se plaintiff despite the generally liberal construction of pro se pleadings." *Kelly v. Ramsey Cty. Sheriff's Office*, No. 08-5028, 2009 WL 511695, at *4 (D. Minn. Feb. 27, 2009). As such, so far as Hoel's Amended Complaint can be construed as alleging claims against "John Doe" Hennepin County staff in their official capacity, those claims should be treated as claims against Hennepin County.

5

In turn, a municipality—like Hennepin County—is not liable under § 1983 unless the municipality's unconstitutional policy or custom was the moving force behind the alleged constitutional injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). An official policy involves "a 'deliberate choice to follow a course of action…made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting in part *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

A governmental custom may also be a basis for liability, but a plaintiff must prove: (1) "[t]he existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees"; (2) "[d]eliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct"; and (3) "[t]he plaintiff's injury by acts pursuant to the governmental entity's custom." *Ware v. Jackson Cty.*, 150 F.3d 873, 880 (8th Cir. 1998) (citing *Harris v. City of Pagedale*, 821 F.2d 499, 504-07 (8th Cir. 1987)). To prove an unconstitutional custom, a plaintiff must show that "officials had notice of prior incidents of…misconduct and had deliberately failed to act on this knowledge." *Harris*, 821 F.2d at 504. "Generally, an isolated incident…cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013).

Hoel's Amended Complaint, taken in its best light, alleges only:

> [Hoel] was held in custody for three days in cold jail conditions at the Hennepin County Jail, operated by the Hennepin County Sheriff's Office.

6

> [Hoel] was forced under duress to identify himself to secure
> release and retrieve the discarded gemstones.

(Amended Complaint ECF No. 9, at 3-4.) No facts alleged suggest that Hennepin County had an unconstitutional policy or custom that harmed Hoel, or that Hennepin County failed to properly train its employees. The Amended Complaint does not describe an unconstitutional Hennepin County policy or allege that a Hennepin County official with policymaking authority adopted such a policy. It does not describe a pattern of unconstitutional conduct by Hennepin County employees or allege that Hennepin County officials knew about a pattern of misconduct and authorized or ignored it. It does not describe training practices that Hennepin County employed or failed to employ, allege a pattern of similar constitutional violations by untrained employees, or allege facts suggesting a patently obvious constitutional violation caused by a failure to train. Hoel's allegations of the jail being cold, and being forced to identify himself—presumably, as part of the jail's intake process—are insufficient. Hoel's Amended Complaint falls well short of alleging any substantive § 1983 claim against Hennepin County. Hoel has failed to sufficiently state a claim for relief, and his claims against Hennepin County should be dismissed with prejudice.

### c. Hoel's Amended Complaint fails to allege sufficient facts to support his Fourth and Fourteenth Amendment claims.

As a pre-trial detainee, Hoel's liberty interests were considerably reduced, but he retained the right "to be free from punishment." *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *See, e.g., Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.

1996); *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense. *Smith*, 87 F.3d at 268 (*citing Bell* at 99 S.Ct. at 1873). Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." *Id.*

Hoel does not allege he was punished. Hoel alleges that the jail was cold during his time in custody. The Eighth Circuit has found far greater inconveniences and far more unpleasant conditions fail to state a constitutional claim. *Smith*, 87 F.3d at 268 (pre-trial detainee housed in isolation with an overflowing toilet for four days experienced a *de minimis* imposition and not a constitutional violation); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (no constitutional violation where pretrial detainee was confined in unsanitary cell for eleven days); *Goldman v. Forbus*, 17 Fed.Appx. 487, 488, 2001 WL 838997 (8th Cir.2001) (unpublished per curiam) (no constitutional violation where pretrial detainee slept six nights on floor next to toilet). Hoel's factual allegations regarding the conditions of his confinement are insufficient to state a claim for a constitutional violation.

Even assuming the cold jail and vague "duress" could be construed as punishment—it does not—Hoel has not—and could not—further alleged that the Hennepin County Sheriff's Office lacked a legitimate government purpose in requiring that he identify himself as part of intake. *See* Minn. R. 2911.2525 (requiring Minnesota jail facilities to obtain identifying data, including name and aliases of a person, during processing of new inmates). Nor does Hoel allege that the jail did not have a legitimate purpose in requiring his identification. It is well established that detention facilities have a legitimate interest in

8

(and deserve deference on) "policies and practices that in the judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (cleaned up) (citing *Bell*, 441 U.S. at 540, 547). The Court should dismiss Hoel's Fourth and Fourteenth Amendment claims.

### d. Hoel's claims of conspiracy fail.

"To prove a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff." *Faulk v. City of St. Louis, Missouri*, 30 F.4th 739, 747 (8th Cir. 2022). The plaintiff must also prove a deprivation of a constitutional right or privilege in order to prevail on a Section 1983 civil conspiracy claim. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).

Hoel has simply not alleged any facts consistent with a claim of conspiracy involving the Hennepin County Sheriff's Office. Even if Hoel's underlying claims of constitutional violations could stand on their own—they cannot—he has still failed to do more than produce a conclusory allegation of conspiracy. Hoel's claim of conspiracy should be dismissed.

### e. Hoel's state law claims of conversion similarly fail.

"[Conversion] is defined as an act of willful interference with personal property, 'done without lawful justification by which any person entitled thereto is deprived of use and possession.'" *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997) (quoting *Larson v.*

9

*Archer–Daniels–Midland Co.,* 226 Minn. 315, 317, 32 N.W.2d 649, 650 (1948)); *see also Microsoft Corp. v. Ion Techs. Corp.*, 484 F. Supp. 2d 955, 963 (D. Minn. 2007).

So far as Hoel's claim of conversion against unspecified defendants can be construed against the Hennepin County Sheriff's Office, it fails where he has not made any allegation of the Hennepin County Sheriff Office's willful interference with his property without lawful justification. (Amended Complaint ECF No. 9, at 3-4.) Hoel's claim of conversion, if any, against the Hennepin County Sheriff's Office should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Hennepin County Sheriff's Office respectfully requests the Court grant its motion to dismiss in its entirety and dismiss Hoel's Amended Complaint with prejudice.

MARY F. MORIARTY
Hennepin County Attorney

Dated  June 27, 2025                    By: /s/*Matthew Messerli*
                        Matthew L. R. Messerli (0403677)
                        Assistant Hennepin County Attorney
                        Sarah McLaren (0345878)
                        Senior Assistant Hennepin County Attorney
                        A-1300 Government Center
                        300 South Sixth Street
                        Minneapolis, MN 55487
                        Tel.: (612) 348-0727
                              (612) 348-2925
                        Matthew.Messerli@hennepin.us
                        Sarah.McLaren@hennepin.us

                        *Attorneys for Defendant Hennepin County Sheriff's Office*

10