UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Robert Brooks Hoel,

Plaintiff,

v.

City of Minneapolis; Minneapolis Police Department; Hennepin County Sheriff Office; Officer Adnan Didovic, Badge #1537; Officer Stephen Sporny, Badge #6736; Sergeant Phillip Gangnon, Badge #2179; John Does 1-X,

Defendants.

Case No. 0:25-cv-02212-JRT-EMB

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF MINNEAPOLIS' MOTION TO DISMISS**

---

## INTRODUCTION

Defendant City of Minneapolis ("City") submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff Robert Brooks Hoel's ("Hoel") Amended Complaint (ECF No. 9) under Federal Rule of Civil Procedure 12(b)(6). The Amended Complaint is peppered with terms like "unlawful arrest," "failure to train," and "unlawful search." But they never amount to more than mere labels or legal conclusions. Hoel does not allege any facts sufficient to state plausible claims. The Amended Complaint should be dismissed against the City.

## STATEMENT OF THE CASE AND FACTS

### I. Allegations in the Amended Complaint[1]

[1] For the purposes of this motion, the City accepts facts as alleged in the Amended Complaint.

On June 5, 2024, Defendant Officers Didovic and Sporny responded to a 911 report alleging theft. (ECF No. 9, at 3.) Hoel was arrested. (*Id.*) During the arrest, the officers searched his pockets, "seized personal gemstones, referred to as 'rocks,'" and discarded them onto loose dirt at a roadside construction area. (*Id.*) Then, he "was held in custody for three days in cold jail conditions at the Hennepin County Jail, operated by the Hennepin County Sheriff's Office, and "forced under duress to identify himself to secure release and retrieve the discarded gemstones." (*Id.* at 4.) After his release, he contacted Sergeant Gangnon and other officials to recover his personal property, including a bicycle, laptop, digital camera, two bags, custom Swiss army knife but was refused or ignored. (*Id.* at 4.) Hoel's bicycle remains unreleased and other unspecified personal property was "lost, destroyed or mishandled." (*Id.*)

## II. Procedural Posture in this Action

Hoel filed an Amended Complaint on June 12, 2025. (ECF No. 9.)

## STANDARD OF REVIEW

A pleading, here a complaint, must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing Fed. R. Civ. P. 8(a)(2)); *see also* Fed. R. Civ. P. 7(a)(1). This standard demands more than unadorned accusations. *Iqbal*, 556 U.S. at 677–78 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal*, 556 U.S. at 678 (quotations and citation omitted). Nor will one suffice that simply tenders naked assertions devoid of further factual enhancement. *Id.* (quotations and citation omitted).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12 (b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678 (quotation and citation omitted). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Factual allegations must raise a right to relief beyond just the mere possibility of, or consistency with, liability to meet this threshold. *Twombly*, 550 U.S. at 555

Nevertheless, pro se litigants are held to a lesser pleading standard than other parties. *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). Their complaints are liberally construed. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). The lesser standard simply means that the complaint should be construed in a way that permits the pro se litigants claim to be considered in the proper legal framework. *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (affirming the dismissal of a pro se complaint). They must still allege sufficient facts to support the claims advanced. *Id.*

## ARGUMENT

### I. Hoel fails to state a claim under 42 U.S.C. § 1983 (Counts 1-3).

Hoel asserts three claims under 42 U.S.C. § 1983 in his Amended Complaint: Count 1, "False and Unlawful Detention ("42 U.S.C. § 1983), Fourth and Fourteenth

Amendments); Count 2, "Unlawful Search and Seizure (42 U.S.C. § 1983)"; and Count 3, "Failure to Train and Supervise (Monell Claim against the City of Minneapolis)." (ECF No. 9 at 4-5.) Although he names the Minneapolis Police Department and certain officers as Defendants, he does not specify against which Defendants Counts 1 and 2 are asserted or whether the officers have been named in an individual or personal capacity. (*See id.*) A city police department, however, is not a suable entity. *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). And, while officers can be sued in their individual capacity, official capacity, or both, a suit against a public employee in an official capacity is merely a suit against the employer. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). A municipality may be sued under section 1983 but only in limited circumstances set forth in *Monell* and its progeny. *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978). Hoel fails to state a section 1983 claim against the City.

**A. Hoel fails to allege any basis for municipal liability.**

Hoel fails to state a claim against the City for Counts 1 and 2. A municipality cannot be sued under section 1983 for an injury inflicted solely by its employees or agents. *Monell*, 436 U.S. at 694; *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) ("*Respondeat superior* or vicarious liability will not attach § 1983."). Instead, it is *only* when execution of a municipality's "policy or custom" inflicts the injury that the municipality may be responsible. *Monell*, 436 U.S. at 694. Hoel does not assert Counts 1 and 2 based on alleged "policy or customs." (ECF No. 9 at 4.) And the City cannot be liable on the basis of employees or agents. *See Monell*, 436 U.S. at 694; *City of Canton*, 489 U.S. at 385. Counts 1 and 2 should thus be dismissed against the City.

Hoel also fails to state a claim against the City for Count 3. Count 3, labeled "Monell Claim Against the City of Minneapolis," is one sentence long: "City of Minneapolis and Minneapolis Police Department maintain policies or customs of inadequate training and supervision, causing violations of constitutional rights." (ECF No. 9 at 5.) In limited circumstances, a municipality's decision not to train certain employees may be actionable under section 1983 in what is sometimes called a "*City of Canton*" claim. *Perkins v. Hastings*, 915 F.3d 512, 523 (8th Cir. 2019). Municipal liability, however, is "most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *see Oklahoma City v. Tuttle*, 471 U.S. 808, 822–823 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell* "). To be actionable, a failure to train must amount to a "deliberate indifference" to the right of the individuals with whom officers come into contact. *Connick*, 563 U.S. at 61.

Hoel has not alleged deliberate indifference. Deliberate indifference is a "stringent standard of fault." *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997). It requires proof that city policymakers consciously disregarded the "known or obvious consequence" that a particular omission in their training program would *cause* city employees to violate citizens' constitutional rights. *See id.* And it requires that the indifference be directed to the risk of the particular harm that gave rise to the lawsuit. *See id*. A plaintiff must demonstrate that, "in light of the duties assigned to specific officers, the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be

said to have been deliberately indifferent to the need." *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (citing *City of Canton*, at 489 U.S. at 390). No such allegations have been made here.

First, Hoel does not allege that any relevant decisionmakers had notice of any purported problem whatsoever, much less, problems specific to arrests or searches or seizures of property. *See Connick*, 563 U.S. at 62 ("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."). Second, he does not allege any facts concerning officer training. Even if he had, municipal liability under *City of Canton* does not attach merely because there exists some form of training that the municipality could have provided that might have prevented the constitutional violation. *Id.*; *see also Mendoza v. U.S. Immigration & Customs Enforcement*, 849 F.3d 408, 420 (8th Cir. 2017) ("Lack of particularized training that might have prevented [the unlawful conduct] does not establish a constitutional violation."). Otherwise, liability for failure to train under *City of Canton* would be indistinguishable from vicarious liability, because a Section 1983 plaintiff could always identify something the municipality could have done to prevent the constitutional violation. *Connick*, 563 U.S. at 67, 70. Third, he has not alleged facts about any training that would permit an inference that the City made a deliberate choice to ignore the obvious risk to individuals' constitutional rights of not performing specific training. A close link of causation is required: A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. *Bryan County*, 520 U.S. at 404. Hoel has alleged no such thing

here. Fourth, he alleges only a single incident—not a pattern. *See id*. ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train.") Hoel's one-sentence *Canton* claim is the very type of state unadorned, the-defendant-unlawfully-harmed-me accusation that the Supreme Court prohibited in *Iqbal*. 556 U.S. at 678. Courts readily dismiss such claims on a motion to dismiss. *See, e.g., Perryman v. City of Bloomington*, 704 F. Supp. 3d 961, 968-69 (D. Minn. 2023). This Court should not hesitate to do the same and dismiss Count 3 against the City.

**B. Hoel fails to allege a plausible underlying Constitutional violation.**

Hoel urges theories of false arrest and unlawful detention as well as unlawful search and seizure. (ECF No. 9 at 4.) A *Monell* claim requires an underlying constitutional violation. *Mitchell v. Kirchmeier*, 28 F.4th 888, 902 (8th Cir. 2022); *see* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (holding that, to state a claim under section 1983, a plaintiff must allege (i) a violation of a right secured by the Constitution and laws of the United States and (ii) that the alleged deprivation was committed by a person acting under color of state law).

Hoel fails to plausibly allege a false arrest and unlawful detention. Offering little else, he alleges "he was unlawfully arrest by officers by Defendant Officers Didovic and Sporny without a warrant, valid probably cause, or exigent circumstances." (ECF No. 9 at 3.) Beyond identifying the purported arresting officers and perhaps claiming there was no warrant, these allegations are devoid of any alleged facts and simply amount to legal conclusions. (*See id*.) The Court is not required to accept those conclusions. *See Iqbal*,

556 U.S. at 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Nevertheless, what little else he does allege about the events before the purported arrest *supports* that the officers had probable cause to arrest. A warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). In the Amended Complaint, Hoel readily concedes that the arrest was based on a "911 report alleging theft." (ECF No. 9 at 3.) Although Hoel calls the report "vague" and says "no narcotics or criminal activity was substantiated," he does not provide any factual allegations explaining in what respect the report was "vague" or *when* the officers purportedly determined that no criminal activity had been substantiated. (*See id.*) Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer ***at the time*** of the arrest and is not defeated by reasonable mistakes. *Devenpeck*, 543 U.S. at 152; *Bell v. Neukirch*, 979 F.3d 594, 603 (8th Cir. 2020). Hoel's legal conclusion about the illegality of the arrest should not be accepted, and nothing in the Amended Compliant would allow a court to draw a reasonable inference that he was falsely arrested. Hoel has failed to allege an underlying false-arrest/unlawful-detention violation.

Hoel fails to plausibly allege an unlawful search and seizure. Searches conducted outside the judicial process, without prior approval by a judge or magistrate, are *per se* unreasonable under the Fourth Amendment, subject to certain exceptions. *Arizona v. Gant*, 556 U.S. 332, 338 (2009). Among these exceptions is a search incident to a lawful arrest. *Id*. The exception derives from interests in officer safety and evidence preservation that

are typically implicated in arrest situations. *Id*. Hoel has failed to plausibly allege an unlawful arrest, and he plainly alleges that the officers searched him incident to arrest. (ECF No. 9 at 3 ("During arrest, officers searched Plaintiff's pockets...").) When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape, and it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. *Chimel v. California*, 395 U.S. 752, 762–63 (1969). In the Amended Complaint, Hoel concedes that the "gemstones" were in his pocket but says nothing about any other items. Hoel's legal conclusion about the illegality of the search and seizure should not be accepted, and nothing in the Amended Compliant would allow a court to draw a reasonable inference to that end. Hoel has failed to allege an unlawful search and seizure.

Hoel's accusations regarding being "held in custody for three days without charges" appear to be directed to Hennepin County. (*See* ECF No. 9 at 2.) Because he has failed to allege a cognizable, underlying Constitutional violation, the City cannot be liable under *Monell*. Counts 1-3 should be dismissed against the City.

## II. Hoel fails to state a conspiracy claim (Count 4).

Hoel fails to state a civil conspiracy claim: "Count 4: Civil Conspiracy §§ 1985 & 1986). (ECF No. 9 at 5.) To prove a private conspiracy in violation of 42 U.S.C. § 1985(3), a plaintiff must show, among other things, (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the alleged conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as

well as official, encroachment. *Dornheim v. Sholes*, 430 F.3d 919, 924 (8th Cir. 2005) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993)). As to (i), Hoel has not alleged a racial or otherwise class-based, discriminatory animus. As to (ii), he merely concludes the existence of a conspiracy and has not alleged any facts to show that the conspiracy aimed at interfering with rights. Hoel has failed to state a conspiracy claim under 42 U.S.C. § 1985(3). A claim under section § 1986 is dependent on a valid claim under section 1985. *Jensen v. Henderson*, 315 F.3d 854, 863 (8th Cir. 2002). His section 1986 claim thus at least fails because he has failed to state a valid section 1985 claim. *See id*. ("Because the district court properly dismissed Jensen's § 1985 claims, it also correctly dismissed Jensen's § 1986 claims against the individual defendants."). Count 4 should be dismissed.

Hoel has also failed to state a conspiracy claim under section 1983, if Count 4 could be construed that way. To prove a section 1983 conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. *Faulk v. City of St. Louis, Missouri*, 30 F.4th 739, 747 (8th Cir. 2022). The plaintiff must prove a deprivation of a constitutional right or privilege in order to prevail on a section 1983 civil conspiracy claim. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). And a plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement. *Marti v. City of Maplewood, Mo.*, 57 F.3d 680, 685 (8th Cir. 1995) (citation omitted). Hoel offers no allegations establishing a conspiracy and has not plausibly alleged

any underlying constitutional violation. *See, e.g., Tirado v. City of Minneapolis*, 521 F. Supp. 3d 833, 845 (D. Minn. 2021) (explaining that (i), to state a claim, a complaint must include specific facts tending to show a meeting of the minds among the alleged conspirators and (ii) the opportunity to communicate and acting in a manner consistent with a conspiracy is insufficient). Moreover, Hoel has not alleged that the alleged conspiracy constituted a policy or custom. *See Monell*, 436 U.S. at 694 (holding that a municipality cannot be liable under *respondeat superior*). Count 4 should be dismissed, if deemed to have been asserted under section 1983.

**III. Hoel fails to state claims for conversion and misconduct (Count 5).**

Hoel asserts a conversion claim: "Count 5: State Law Claims for Conversion and Misconduct." Conversion is an act of willful interference with personal property, done without lawful justification by which any person entitled thereto is deprived of use and possession. *DLH, Inc. v. Russ,* 566 N.W.2d 60, 71 (Minn.1997). Hoel does not specify which defendants he targets with this claim. Insofar as this claim can be construed as being against the City, he has failed to allege that any purported interference with his property (i) was willful and (ii) without legal justification. *See*, Sn. I. B. To the extent it has been asserted against the City, Count 5 should be dismissed.

## CONCLUSION

The Amended Complaint should be dismissed in its entirety against Defendant City of Minneapolis.

Dated: July 30, 2025 KRISTYN ANDERSON

City Attorney
By

*/s/ Adam E. Szymanski*
ADAM E. SZYMANSKI (#3997704)
Assistant City Attorney
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-2186
adam.szymanski@minneapolismn.gov

*Attorney for Defendant City of Minneapolis*