UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Robert Brooks Hoel,

Plaintiff,

v.

City of Minneapolis; Minneapolis Police Department; Hennepin County Sheriff Office; Officer Adnan Didovic, Badge #1537; Officer Stephen Sporny, Badge #6736; Sergeant Phillip Gangnon, Badge #2179; John Does 1-X,

Defendants.

Case No. 0:25-cv-02212-JRT-EMB

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS OFFICER ADNAN DIDOVIC, OFFICER STEPHEN SPORNY, AND SERGEANT PHILLIP GANGNON**

---

## INTRODUCTION

Defendants Officer Adnan Didovic ("Officer Didovic"), Officer Stephen Sporny ("Officer Sporny"), and Sergeant Phillip Gangnon ("Sergeant Gangnon") (collectively, "Defendants") submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff Robert Brooks Hoel's ("Hoel") Amended Complaint (ECF No. 9) under Federal Rule of Civil Procedure 12(b)(6). In the Amended Complaint, Hoel invokes terms like "unlawful arrest" and "unlawful search," but they never amount to more than mere labels or legal conclusions. He fails to state any plausible claims against Defendants, and the Amended Complaint should be dismissed against them in its entirety.

## STATEMENT OF THE CASE AND FACTS

### I. Allegations in the Amended Complaint of this Action[1]

[1] Allegations in a complaint are accepted as true for a Rule 12(b)(6) motion.

On June 5, 2024, Defendant Officers Didovic and Sporny responded to a 911 report alleging theft. (ECF No. 9, at 3.) Hoel was arrested, and, during the arrest, the officers searched his pockets, "seized personal gemstones, referred to as 'rocks,'" and discarded them onto loose dirt at a roadside construction area. (*Id.*) He was held in custody for three days at the Hennepin County Jail, "operated by the Hennepin County Sheriff's Office," and "forced under duress to identify himself to secure release and retrieve the discarded gemstones." (*Id.* at 4.) After release, he contacted Sergeant Gangnon and other officials to recover his property, including a bicycle, laptop, digital camera, two bags, and a custom Swiss army knife, but was refused or ignored. (*Id.* at 4.) His bicycle remains unreleased, and other personal property was "lost, destroyed or mishandled." (*Id.*)

## II. Procedural Posture in this Action

Hoel filed an Amended Complaint on June 12, 2025. (ECF No. 9.)

## STANDARD OF REVIEW

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing Fed. R. Civ. P. 8(a)(2)); *see also* Fed. R. Civ. P. 7(a)(1). This standard demands more than unadorned accusations. *Iqbal*, 556 U.S. at 677–78 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal*, 556 U.S. at 678 (quotations and citation omitted). Nor will one suffice that simply tenders naked assertions devoid of further factual enhancement. *Id.* (quotations and citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678 (quotation omitted). But Courts do not accept legal conclusions as true and might begin by identifying allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* at 679. Courts must consider the complaint in its entirety as well as other sources they ordinarily examine for such motions, including documents incorporated by reference and matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also* Fed. R. Evid. 201. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Factual allegations must raise a right to relief beyond just the mere possibility of, or consistency with, liability. *Twombly*, 550 U.S. at 555

Pro se litigants are held to a lesser pleading standard than other parties. *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). Their complaints are liberally construed. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). The lesser standard simply means that the complaint should be construed in a way that permits a pro se litigant's claim to be considered in the proper legal framework. *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (affirming the dismissal of a pro se complaint). They must still allege sufficient facts to support the claims advanced. *Id.*

## ARGUMENT

### I. Hoel fails to state a claim under 42 U.S.C. § 1983 (Counts 1-2) against Defendants.

Hoel asserts three claims under 42 U.S.C. § 1983 in his Amended Complaint: Count 1, "False and Unlawful Detention (42 U.S.C. § 1983), Fourth and Fourteenth Amendments)"; Count 2, "Unlawful Search and Seizure (42 U.S.C. § 1983, Fourth Amendment)"; and Count 3, "Failure to Train and Supervise (Monell Claim against the City of Minneapolis)."[2] (ECF No. 9 at 4-5.) He asserts Count 3 against the City alone. But he does not specify against which Defendants Counts 1 and 2 are asserted and offers only two-sentence descriptions of each:

> [Count 1] "Plaintiff was arrested without probable cause or warrant, violating his Fourth Amendment rights."
>
> "Plaintiff was unlawfully detained for three days without charges, violating due process under the Fourteenth Amendment."
>
> …
>
> [Count 2] "Plaintiffs person and property were searched and seized without consent or warrant."
>
> "Personal gemstones and other property were unlawfully taken and discarded, resulting in deprivation without due process."

(*Id*. at 4-5.) "Liability for damages for a federal constitutional tort is personal, so each defendant's conduct must be independently assessed." *Heartland Acad. Cmty. Church v. Waddle*, 595 F.3d 798, 805–06 (8th Cir. 2010). "Section 1983 does not sanction tort by association." *Id*. He fails to state any plausible claims against Defendants.

### *A. Hoel fails to state plausible Section 1983 claims (Counts 1 and 2) against Sergeant Gangnon.*

[2] Defendant City of Minneapolis has separately moved to dismiss the Amended Complaint. ECF No. 25.

Hoel's allegations about Sergeant Gangnon are slim. He only references Sergeant Gangnon in the "Parties" and "Factual Allegations" sections of the Amended Complaint:

> "Defendant Sergeant Phillip Gangnon, Badge #1295, is a supervisory officer in the Minneapolis Police Department responsible for post-arrest property handling and procedures."
>
> …
>
> "Following release, Plaintiff repeatedly contacted Sergeant Gangnon and other officials to recover his personal property, including a bicycle, laptop, digital camera, two bags, and a custom Swiss Army knife, but was refused or ignored."

(ECF No. 9 at 3-4.) He does not allege that Sergeant Gangnon had anything to do with arrest or detention for Count 1. Nor, for Count 2, does allege that (i) Sergeant Gangnon searched or seized any of his property or (ii) had anything to do with the allege discarding of gemstones. Instead, he alleges only that Sergeant Gangnon was "responsible for post-arrest property handling and procedures" without any specific allegations about what Gangnon's involvement, except to group Sergeant Gangnon with unnamed "other officials" that allegedly "refus[ed] or ignore[ed]" his purported attempts to recover property. These are exactly the kind of naked assertions devoid of further factual enhancement that do not survive a Rule 12(b)(6) motion. Nothing in the Amended Complaint allows the Court to reasonably infer that Sergeant Gangnon violated Hoel's Constitutional rights. Counts 1 and 2 should be dismissed against him.

### *B. Hoel fails to state a plausible Section 1983 claim (Counts 1 and 2) against Officer Didovic and Officer Sporny.*

First, for Count I, Hoel fails to plausibly allege false arrest and unlawful detention against these officers. Offering little else, he alleges "he was unlawfully arrest by officers

by Defendant Officers Didovic and Sporny without a warrant, valid probably cause, or exigent circumstances." (ECF No. 9 at 3.) Beyond identifying the purported arresting officers and perhaps claiming there was no warrant, these allegations are devoid of any alleged facts and simply amount to legal conclusions. (*See id*.); *see also Iqbal*, 556 U.S. at 680 ("We begin our analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth."). The Court is not required to accept his conclusions. *See Iqbal*, 556 U.S. at 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

What little else he does allege *supports* that the officers had probable cause. A warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). In the Amended Complaint, Hoel readily concedes that the arrest was based on a "911 report alleging theft." (ECF No. 9 at 3.) Although Hoel calls the report "vague" and says, "no narcotics or criminal activity was substantiated," he does not provide any factual allegations explaining in what respect the report was "vague" or *when* the officers purportedly determined that no criminal activity had been substantiated. (*See id.*) Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer ***at the time*** of the arrest and is not defeated by reasonable mistakes. *Devenpeck*, 543 U.S. at 152; *Bell v. Neukirch*, 979 F.3d 594, 603 (8th Cir. 2020). Hoel's conclusion about the illegality of the arrest should not be accepted. *See Iqbal*, 556 U.S. at 678, 680. And nothing in the Amended Compliant would allow a court to draw a reasonable inference that he was falsely

arrested. Without further factual enhancement, Hoel's allegations amount to nothing more than the very "sheer possibility that a defendant has acted unlawfully" sort that the Supreme Court has rejected. *Iqbal*, 556 U.S at 678. That his allegations *might* be consistent with potential liability, if *much* more were alleged, is not enough; Hoel's assertions "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id*. at 678.

Similarly, for Count 2, Hoel's unlawful search and seizure claim entirely lacks plausibility and consists entirely of legal conclusions or facts that would be merely consistent with liability such as the fact that his possessions were seized. There is no description in the Amended Complaint of facts that would establish that anything that Didovic and Sporny did violated Hoel's constitutional rights. Hoel has failed to allege an underlying false-arrest/unlawful-detention violation. Counts 1 and 2 should be dismissed against Officer Didovic and Officer Sporny.

The allegations in *Iqbal* that failed to state a claim are a helpful comparison. There, Iqbal was a citizen of Pakistan and a Muslim, who was arrested and detained in a maximum-security detention in the wake of the September 11, 2001, terrorist attacks. *Iqbal*, 556 US at 666. Iqbal alleged that John Ashcroft, the former Attorney General of the United States, and Robert Mueller, the Director of the FBI, adopted an unconstitutional policy that subjected him to harsh conditions of confinement on account of his race, religion, or national origin. *Id*. He alleged that the detention was done under the direction of Mueller, and the policy of holding such detainees in maximum security detention was cleared by Ashcroft and Mueller, who each knew of, condoned, and willfully and maliciously agreed to subject Iqbal to the harsh conditions on account of his protected class

status. *Id*. at 669. He alleged that Ashcroft was the principal architect of the policy and stated Mueller was instrumental in its adoption, promulgation and implementation. *Id*. The Supreme Court held that those allegations were "bare assertions" amounted to "nothing more than a formulaic recitations of the elements of a constitutional discrimination claim." *Id* at 681. The Court went on, holding" "the complaint does not show, or even intimate, that petitioners purposefully housed detainees in the ADMAX SHU due to their race, religion, or national origin." *Id*. at 683. The Amended Complaint here is similarly deficient. Counts 1 and 2 should be dismissed against all Defendants.

### *C. The due process component of Counts 1 and 2 should be dismissed as redundant.*

Hoel asserts that Counts 1 and 2 violates both the Fourteenth and Fourth Amendments. (ECF No. 9 at 4-5.) But the United States Supreme Court has held that, where a Constitutional provision provides an explicit textual source of protection, a court must assess a plaintiff's claims under the explicit provision. *See Conn v. Gabbe*rt, 526 U.S. 286, 293 (1999) (explaining that the plaintiff's challenge to the reasonableness of a search by a government agent clearly fell under "the Fourth Amendment, not the Fourteenth.") Hoel relies on the same alleged conduct to support violations under both the Fourth and Fourteenth Amendments. (ECF No. 9 at 4-5.) To the extent he asserts these claims against Defendants,[3] the due process portion of Counts 1 and 2 should be dismissed against them.

## II. Hoel fails to state a conspiracy claim (Count 4) against Defendants.

[3] Hoel's accusations about being "held in custody for three days without charges" appear to be directed to Hennepin County. (*See* ECF No. 9 at 2.) To the extent that they are asserted against these moving Defendants, they fail for the same lack of specificity and plausibility as the other claims as argued above.

Hoel fails to state a civil conspiracy claim: "Count 4: Civil Conspiracy §§ 1985 & 1986). (ECF No. 9 at 5.) To prove a private conspiracy in violation of 42 U.S.C. § 1985(3), a plaintiff must show, among other things, (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the alleged conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment. *Dornheim v. Sholes*, 430 F.3d 919, 924 (8th Cir. 2005) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993)). As to (i), Hoel has not alleged a racial or otherwise class-based, discriminatory animus. As to (ii), he merely concludes the existence of a conspiracy and has not alleged any facts to show that there was a conspiracy aimed at interfering with his rights. Hoel has failed to state a conspiracy claim under 42 U.S.C. § 1985(3).

A claim under section 1986 is dependent on a valid claim under section 1985. *Jensen v. Henderson*, 315 F.3d 854, 863 (8th Cir. 2002). His section 1986 claim thus at least fails because he has failed to state a valid section 1985 claim. *See id*. ("Because the district court properly dismissed Jensen's § 1985 claims, it also correctly dismissed Jensen's § 1986 claims against the individual defendants."). Count 4 should be dismissed.

Hoel specifically described his conspiracy claim as arising under sections 1985 and 1986. But Hoel has also failed to state a conspiracy claim under section 1983, if Count 4 could be construed that way. To prove a section 1983 conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of

the conspiracy; and (3) that the overt act injured the plaintiff. *Faulk v. City of St. Louis, Missouri*, 30 F.4th 739, 747 (8th Cir. 2022). The plaintiff must prove a deprivation of a constitutional right or privilege in order to prevail on a section 1983 civil conspiracy claim. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). And a plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement. *Marti v. City of Maplewood, Mo.*, 57 F.3d 680, 685 (8th Cir. 1995) (citation omitted). Hoel offers no allegations establishing a conspiracy and has not plausibly alleged any underlying constitutional violation. *See, e.g., Tirado v. City of Minneapolis*, 521 F. Supp. 3d 833, 845 (D. Minn. 2021) (explaining that (i), to state a claim, a complaint must include specific facts tending to show a meeting of the minds among the alleged conspirators and (ii) the opportunity to communicate and acting in a manner consistent with a conspiracy is insufficient). Count 4 should be dismissed, if deemed to have been asserted under section 1983.

## III. Hoel fails to state claims for conversion and misconduct (Count 5).

Hoel asserts a conversion claim: "Count 5: State Law Claims for Conversion and Misconduct" Stating "Defendants unlawfully destroyed or converted Plaintiff's personal property without compensation or due process."[4] (ECF No. 9 at 5.) Importantly, in federal court, federal pleading standards are applied to state law claims to determine if a complaint makes out a claim under state law. *See, e.g., Karnatcheva v. JPMorgan Chase Bank, N.A.*,

[4] As for "misconduct," "misconduct of a public officer or employee" is a violation of a criminal statute under Minn. Stat. § 609.43, but Defendants' counsel has not located a civil cause of action in Minnesota known as "misconduct." Therefore Count 5 does not plausibly allege a claim for "misconduct."

704 F.3d 545, 548 (8th Cir. 2013) ("We apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law."). Conversion is an act of willful interference with personal property, done without lawful justification by which any person entitled thereto is deprived of use and possession. *DLH, Inc. v. Russ,* 566 N.W.2d 60, 71 (Minn. 1997). Hoel does not specify which defendants he targets with this claim. As with the other counts described above, Hoel fails to assert any facts on which the Court could conclude that what the officers did was done "without lawful justification." *See*, Sn. I. B. Likewise, he fails to allege that any purported interference with his property was willful. To the extent it has been asserted against these moving Defendants, Count 5 should be dismissed.

**CONCLUSION**

The Amended Complaint should be dismissed in its entirety against Defendants Didovic, Sporny and Gangnon.

Dated: August 18, 2025

KRISTYN ANDERSON
City Attorney
By

/s/ Adam E. Szymanski
ADAM E. SZYMANSKI (#3997704)
Assistant City Attorney
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-2186
adam.szymanski@minneapolismn.gov

*Attorney for Defendants Officer Adnan Didovic, Officer Stephen Sporny, and Sergeant Phillip Gangnon*