**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

**Robert Brooks Hoel,**
Plaintiff, v.
**City of Minneapolis, Minneapolis Police Department, Hennepin County Sheriff's Office, Officer Adnan Didovic, Sergeant Phillip Gangnon, Officer Stephen Sporny, and John Does 1–X,**
Defendants.

Case No. 0:25-cv-02212-JRT-EMB

---

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

**Exhibit A**

**I. INTRODUCTION**

This action arises from Plaintiff's unlawful arrest, destruction of personal property, unconstitutional jail conditions, and retaliatory treatment by Minneapolis and Hennepin County authorities. On June 5, 2024, Plaintiff was detained without probable cause, had gemstones discarded into the dirt, and saw his bicycle, laptop, and other belongings destroyed or withheld. At Hennepin County Jail, Plaintiff was stripped to his underwear, placed in a cold cell under constant camera surveillance, physically forced to fingerprint, and compelled through a body scanner. These practices reflect official policies and customs of the City of Minneapolis and Hennepin County Sheriff's Office.

Defendants seek dismissal through three motions (Docs. 14, 25, 30). Their arguments fail. At this stage, Plaintiff's detailed allegations, accepted as true, plausibly state claims under the **Fourth, Fourteenth, First, and Eighth Amendments**. Municipal liability attaches under **Monell** because the misconduct resulted from policies, customs, and failures to train and supervise. Qualified immunity does not shield individual officers because the rights at issue were clearly established. Defendants' motions should be denied.

---

**II. LEGAL STANDARD**

On a Rule 12(b)(6) motion, the Court must accept all factual allegations as true and draw reasonable inferences in Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim survives if it is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pro se pleadings are "liberally construed" and "held to less stringent standards." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III.    PLAINTIFF STATES PLAUSIBLE CLAIMS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS**

Plaintiff was arrested and searched without probable cause. Officers removed gemstones from his pockets, referred to them as "rocks," and threw them into dirt at a road construction site. His bicycle, laptop, camera, knife, and other property were confiscated and never returned, despite repeated requests to Sgt. Gagnon. The City also refused to release body-worn camera footage under a blanket "open investigation" excuse.

- Arrests without probable cause violate the Fourth Amendment. *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

- Seizures and destruction of property are unconstitutional. *Soldal v. Cook Cnty.*, 506 U.S. 56, 61–62 (1992).

- Due process protects property rights, even in jail settings. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

These allegations state violations of the Fourth and Fourteenth Amendments.

**IV.    MUNICIPAL LIABILITY (MONELL) APPLIES TO THE CITY OF MINNEAPOLIS AND HENNEPIN COUNTY**

Municipalities are liable under § 1983 when policies, customs, or failures to train cause constitutional violations. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A single decision by a policymaker may suffice. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986).

- **City of Minneapolis:** Officers discarded gemstones, failed to return property, and refused to release bodycam footage. Sgt. Gagnon's refusal to return Plaintiff's bike reflects policymaker-level deliberate indifference.

- **Hennepin County Sheriff's Office:** Jail staff forced fingerprinting and body scanning, stripped Plaintiff, placed him in a cold cell, and surveilled bathroom use. These are not isolated acts but systemic intake practices. *Walton v. Dawson*, 752 F.3d 1109, 1118 (8th Cir. 2014).

Both Defendants' customs and failures to train directly caused Plaintiff's injuries.

## V. QUALIFIED IMMUNITY DOES NOT APPLY

Officials are not shielded if they violate clearly established rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Here, it was clearly established that:

- Arrests require probable cause (*Beck*).

- Property may not be arbitrarily seized or destroyed (*Soldal*).

- Pretrial detainees may not be subjected to punitive conditions (*Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

- Retaliatory prosecution/arrest violates the First Amendment (*Hartman v. Moore*, 547 U.S. 250 (2006)).

No reasonable officer could believe discarding gemstones, refusing property return, or forcing body scans and fingerprinting was lawful.

## VI. PLAINTIFF SUFFICIENTLY ALLEGES FIRST AMENDMENT RETALIATION

Since filing this action, Plaintiff has faced retaliatory arrests and charges tied to the June 5, 2024 incident. Retaliation for exercising the right to petition the courts violates the First Amendment. *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283–84 (1977). Allegations of retaliatory prosecution state a claim. *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

## VII.    UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AND FORCED BOOKING PROCEDURES

- **Forced nudity and exposure:** Plaintiff was stripped to underwear, denied clothing/shoes, placed in a cold cell, and required to use the bathroom under camera surveillance. This degrading treatment was punitive and unconstitutional. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Walton v. Dawson*, 752 F.3d 1109, 1118 (8th Cir. 2014).

- **Forced fingerprinting:** Deputies physically restrained Plaintiff and forced his hands on a scanner. Prints were unusable. Compelled fingerprints without consent or probable cause violate the Fourth Amendment. *Hayes v. Florida*, 470 U.S. 811, 816 (1985).

- **Forced body scanning:** Plaintiff was compelled through a full-body scanner. Bodily testing and scanning are searches requiring consent, warrant, or exigency. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616–17 (1989); *Ferguson v. City of Charleston*, 532 U.S. 67, 76 (2001).

These practices reflect Hennepin County Jail policies and customs, triggering Monell liability.

## VIII. JUSTICE FAVORS DECIDING THIS CASE ON THE MERITS

Dismissal at this early stage would improperly deny Plaintiff the opportunity to prove his claims through discovery. The Supreme Court instructs that cases should be decided on their merits rather than technicalities. *Foman v. Davis*, 371 U.S. 178, 181–82 (1962).

## IX. CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court deny all Defendants' Motions to Dismiss (Docs. 14, 25, 30) and allow this case to proceed to discovery.

**Respectfully submitted,**
/s/ Robert Brooks Hoel
Robert Brooks Hoel
General          Delivery
Minneapolis, MN 55401
bobhoel@gmail.com
Plaintiff, in propria persona