**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Robert Brooks Hoel,

               Plaintiff,

vs.

City of Minneapolis, Minneapolis Police Department, Hennepin County Sheriff's Office, Officer Adnan Didovic, Officer Stephen Sporny, Sergeant Phillip Gangnon, John Does 1-X,

               Defendants.

Case No. 25-cv-02212 (JRT/JFD)

**DEFENDANT HENNEPIN COUNTY SHERIFF OFFICE'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

---

**INTRODUCTION**

Defendant Hennepin County Sheriff's Office (the "Hennepin Defendant") articulated several, independently dispositive legal flaws with the Amended Complaint in its motion to dismiss. In his response memorandum opposing the Hennepin Defendant's motion to dismiss, Plaintiff Robert Brooks Hoel ("Hoel") has not presented any legal argument in support of his opposition. Instead, Hoel attempts to supplement his pleading with a procedurally inappropriate factual narrative that broadly fails to address the Hennepin Defendant's arguments, and the Amended Complaint should be dismissed. Hoel's factual allegations against the Hennepin Defendant, consisted of the following:

> Plaintiff was held in custody for three days in cold jail conditions at the Hennepin County Jail, operated by the Hennepin County Sheriff's Office.

> Plaintiff was forced under duress to identify himself to secure release and retrieve the discarded gemstones.

(*Id.*) Hoel now asserts that "[he] was stripped to his underwear, placed in a cold cell under constant camera surveillance, physically forced to fingerprint, and compelled through a body scanner" and that "[t]hese practices reflect official policies and customs of the . . . Hennepin County Sheriff's Office." Pl.'s Resp. Mem. Opp. Mot. Dismiss, 1 (ECF No. 38).

Hoel's response appears to conflate the various Defendants in this matter, fails to argue or otherwise address the legal flaws in the Amended Complaint raised in the Hennepin Defendant's motion, and otherwise operates as an improper—and futile— attempt to amend his complaint once more. The Amended Complaint fails to plead facts sufficient to support municipal liability, conspiracy, or violations of Hoel's constitutional rights; this has not changed even if his response is construed as an unsanctioned amendment in its most procedurally lenient light. His Amended Complaint fails to state a claim upon which relief can be granted, and this matter should be dismissed.

## ARGUMENT

**I.  Hoel's Response Memorandum Cannot Amend his Amended Complaint, and Such Amendment Would be Futile Even if it Were Procedurally Appropriate.**

At the outset, Hoel's Response Memorandum introduces new factual allegations found nowhere in his Amended Complaint. This is plainly improper, as "it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985)).

Even if such amendment were appropriate—it is not—this act would be futile where the facts alleged relate to "nudity and exposure . . .fingerprinting . . . [and] body scanning" solely as a matter of course during the jail's intake process. Pl.'s Resp. Mem. Opp. Mot. Dismiss, 3-4 (ECF No. 38). Hoel's bald assertions are as unavailing here as they would be in his Amended Complaint, for the reasons articulated in detail below.

**II.    Hoel has failed to State a Claim Against the Hennepin Defendant, and the Amended Complaint Should be Dismissed.**

### a.  Legal Standard

The Amended Complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting the foregoing in relevant part); *see also Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (same). The Amended Complaint is pervasively conclusory, bereft of "factual content" that could "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Even liberally construed, the Amended Complaint contains precisely the indeterminate factual allegations and legal conclusions the Court may properly set aside. *Id*.; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 556 U.S. at 677, *quoting in turn Twombly*, 550 U.S. at 555); *see also Higgins v. Carter*, 258 F.3d 797, 800 (8th Cir. 2001). Hoel's Amended Complaint fails to contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or otherwise present a

3

plausible claim for relief against the Hennepin County Sheriff's Office. *Iqbal*, 556 U.S. at 678. The Amended Complaint should be dismissed.

###### b.  *The Hennepin County Sheriff's Office Is Not a Legal Entity Subject to Suit.*

Hoel names the Hennepin County Sheriff's Office as a defendant, but—as argued in the Hennepin Defendant's motion—a County department or office is not a proper legal entity subject to suit. *In re Scott Cnty. Master Docket*, 672 F. Supp. 1152, 1187 n. 1 (D. Minn. 1987), *aff'd sub nom. Myers v. Scott Cnty.*, 868 F.2d 1017 (8th Cir. 1989) ("[County] departments or offices are not legal entities subject to suit; therefore, the claims against them must be dismissed."). Hoel has not substantively engaged with this argument in <u>any</u> way, let alone attempted to argue the matter or support any—unvoiced—opposition with applicable law. Dismissal of the Complaint on this ground is unchallenged, and remains appropriate for the reasons previously raised regardless.

###### c.  *The Amended Complaint fails to allege sufficient facts to sustain a Section 1983 municipal liability claim against Hennepin County.[1]*

Even if the Amended Complaint could be read to properly name Hennepin County as a defendant (it cannot), the Amended Complaint fails to state a Section 1983 municipal liability claim against Hennepin County. On this point, Hoel's response articulates simply that municipal liability applies to Hennepin County because "[j]ail staff forced fingerprinting and body scanning, stripped [him], placed him in a cold cell, and surveilled

---

[1]    Even construing Hoel's response as a clarification that his claim against the Hennepin Defendant is a constitutional challenge to the intake process itself, this claim would still fail where identification is reasonably related to the legitimate penological interest of security. *See Herlein v. Higgins*, 172 F.3d 1089, 1090 (8th Cir. 1999) (quoting *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)).

bathroom use." Pl.'s Resp. Mem. Opp. Mot. Dismiss, 3 (ECF No. 38). Even if these facts—which broadly appear nowhere in the Amended Complaint—could be accepted as part of his pleading (they cannot[2]), in making this argument Hoel's response concedes the crucial context that he was simply subjected to the jail's intake process.

Hoel's personal frustrations with the jail's intake process—as alleged—are not "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" but a necessary process to ensure jail security. *Ware v. Jackson Cty.*, 150 F.3d 873, 880 (8th Cir. 1998) (citing *Harris v. City of Pagedale*, 821 F.2d 499, 504-07 (8th Cir. 1987)); *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 335, 132 S. Ct. 1510, 1520, 182 L. Ed. 2d 566 (2012) (upholding a county jail's invasive searches of all inmates during intake in light of "undoubted security imperatives involved in jail supervision"). Further, Hoel has not alleged "[d]eliberate indifference to or tacit authorization of [unconstitutional] conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct," or that his claimed injury was derived from "acts pursuant to the governmental entity's custom." *Id*. Hoel has not alleged that "officials had notice of prior incidents of…misconduct and had deliberately failed to act on this knowledge." *Harris*, 821 F.2d at 504. Hoel's allegations—relating to solely his intake—concern an isolated incident, which generally "cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013).

---

[2]     *Morgan*, 868 F.2d at 995.

Hoel's Amended Complaint falls well short of alleging any substantive § 1983 claim against the Hennepin Defendant. Even if Hoel could seek to amend his Complaint (again) via argument (he cannot), the factual assertions included in his response would be futile where they only assert that Hoel was forced to identify himself and placed on heightened surveillance in the course of the jail's intake process. *E.g.*, *Florence*, 566 U.S. at 335. Hoel has failed to sufficiently state a claim for relief under § 1983, and his claims against the Hennepin Defendant should be dismissed with prejudice.

### d. Hoel's Amended Complaint fails to allege sufficient facts to support his Fourth and Fourteenth Amendment claims.

Hoel, per the allegations of the Complaint, was a pre-trial detainee with considerably reduced liberty interests, who nonetheless retained the right "to be free from punishment." *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *See, e.g., Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). Hoel's argument does not engage with this standard or otherwise argue that any alleged conditions or restrictions of his pre-trial detention was unrelated to a legitimate governmental objective. *Smith*, 87 F.3d at 268 (*citing Bell* at 99 S.Ct. at 1873). He cannot—as noted in the Hennepin Defendant's initial brief, the Eighth Circuit has found far greater inconveniences and far more unpleasant conditions fail to state a constitutional claim of this kind. *Smith*, 87 F.3d at 268 (isolation with an overflowing toilet for days); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (confinement in an unsanitary cell for eleven days); *Goldman v. Forbus*, 17 Fed.Appx. 487, 488, 2001 WL 838997 (8th Cir.2001) (unpublished per curiam) (six nights sleeping on floor next to toilet).

Hoel's factual allegations regarding his frustrations during intake and the conditions of his confinement are insufficient to state a claim for a constitutional violation.

Even assuming the Hoel's allegations amount to unconstitutional punishment—they do not—Hoel has not and could not further argue that the Hennepin Defendant lacked a legitimate government purpose in requiring that he identify himself as part of intake. *See* Minn. R. 2911.2525 (requiring Minnesota jail facilities to obtain identifying data, including name and aliases of a person, during processing of new inmates). Hoel has not alleged, nor argued, that the jail did not have a legitimate purpose in requiring his identification. Again, he cannot—detention facilities have a legitimate interest in (and warrant deference on) "policies and practices that in the judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (cleaned up) (citing *Bell*, 441 U.S. at 540, 547). Accordingly, the Court should dismiss Hoel's Fourth and Fourteenth Amendment claims.

### e.  *Hoel's claims of conspiracy fail.*

Hoel's response does not argue in support of his conspiracy claim, or otherwise give the Court or counsel any grounds to divine a such a claim from the allegations he has presented. *See Faulk v. City of St. Louis, Missouri*, 30 F.4th 739, 747 (8th Cir. 2022); *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). Hoel has failed to allege any facts, provide any argument, or produce any law consistent with a claim of conspiracy involving the Hennepin Defendant. Even if Hoel's underlying claims of constitutional violations could stand on their own—they cannot—he has nonetheless failed to produce more than conclusory allegations of conspiracy. Hoel's claim of conspiracy should be dismissed.

*f. Hoel's state law claims of conversion similarly fail.*

Hoel's claim of conversion is similarly left undefended in his response and remains otherwise unsubstantiated by the Amended Complaint, so to the extent it can be construed as being made against the Hennepin County Sheriff's Office, it should be dismissed for the presently-unchallenged reasons articulated in the Hennepin Defendant's initial brief.

## CONCLUSION

For the foregoing reasons, Defendant Hennepin County Sheriff's Office respectfully requests the Court grant its motion to dismiss in its entirety and dismiss Hoel's Amended Complaint against it with prejudice.

MARY F. MORIARTY
Hennepin County Attorney

Dated  September 4, 2025

By: /s/*Matthew Messerli*
    Matthew L. R. Messerli (0403677)
    Assistant Hennepin County Attorney
    Sarah McLaren (0345878)
    Senior Assistant Hennepin County Attorney
    A-1300 Government Center
    300 South Sixth Street
    Minneapolis, MN 55487
    Tel.: (612) 348-0727
         (612) 348-2925
    Matthew.Messerli@hennepin.us
    Sarah.McLaren@hennepin.us

    *Attorneys for Defendant Hennepin County Sheriff's Office*

8