UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Brooks Hoel,<br><br>Plaintiff,<br><br>v.<br><br>City of Minneapolis; Minneapolis Police Department; Hennepin County Sheriff Office; Officer Adnan Didovic, Badge #1537; Officer Stephen Sporny, Badge #6736; Sergeant Phillip Gangnon, Badge #2179; John Does 1-X,<br><br>Defendants. | Case No. 0:25-cv-02212-JRT-EMB<br><br>**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

## INTRODUCTION

Defendants[1] submit this reply in support of their motions to dismiss Plaintiff Robert Hoel's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).[2] In his opposition brief, Hoel abandons two claims, raises a new one, and tries to uphold what remains by revising his allegations and rehashing labels and legal conclusions.[3] He simply did not meaningfully respond to Defendants' arguments. He then casts the arguments he ignores as mere "technicalities" and urges the Court to allow him "to prove his claims

[1] "Defendants" refers to Defendants City of Minneapolis, Officer Adnan Didovic, Officer Stephen Sporny, and Sergeant Phillip Gangnon. A city police department is not a suable entity. *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).
[2] (ECF Nos. 25-29, 30-34.)
[3] (*See* ECF No. 38.) Defendants reiterate their opening arguments and reject Hoel's attempt to modify the allegations and claims in his Amended Complaint.

through discovery."[4] But a well-pleaded complaint is hardly a technicality. Rule 12(b)(6) "eliminate[s] actions which are fatally flawed in their legal premises and destined to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity."[5] Based on Hoel' allegations and arguments, his claims are just that—fatally flawed in their legal premises and destined to fail—and Defendants should be spared the unnecessary burden of allowing him to proceed to discovery. Because he fails to state a plausible claim against Defendants, the Amended Complaint should be dismissed in its entirety.

## ARGUMENT

### I. Hoel has abandoned his conspiracy and state law claims against Defendants (Counts 4-5).

A plaintiff's failure to respond to arguments raised by a defendant in motion to dismiss constitutes voluntary abandonment of the claim or concession to the defendant's arguments. *Little v. United States Dep't of Def.*, No. 4:21-CV-1309-JAR, 2022 WL 1302759, at *3 (E.D. Mo. May 2, 2022). Courts in the Eighth Circuit have consistently acknowledged this. *Id*,; *see, e.g., Zimmerschied v. JP Morgan Chase Bank, N.A.*, 49 F. Supp. 3d 583, 590–91 (D. Minn. 2014) (dismissing abandoned claims with prejudice). Here, Defendants raised arguments that Hoel failed to state plausible conspiracy and state law claims. (ECF No. 28 at 9-11; ECF No. 33 at 8-11.) Hoel did not respond to the arguments or even mention the claims in his opposition brief. (ECF No. 38.) And, in his brief, he expressly limits what he believes are the surviving claims: "At this stage,

---

[4] (ECF No. 38 at 4.)

[5] *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

Plaintiff's detailed allegations, accepted as true, plausibly state claims under the **Fourth, Fourteenth, First, and Eighth Amendments**." (ECF No. 38 at 1 (emphasis in original).) Hoel has thus abandoned Counts 4-5.[6]

## II. Hoel cannot raise a First Amendment retaliation claim for the first time in his opposition brief; he fails to state a plausible claim anyway.

A plaintiff cannot raise new claims and allegations in an opposition brief to a motion to dismiss. *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." (internal quotation omitted)); *Winnemucca Indian Colony v. United States*, 167 Fed. Cl. 396, 419 (2023); *see also* Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 15(a). Hoel did not raise a First Amendment retaliation claim in the Amended Complaint. (ECF No. 9.) Instead, he tries to do so for the first time in his opposition brief. (ECF No. 38 at 1, 3.) Defendants reject his attempt to add a claim this way. This claim should thus be dismissed.

Hoel's attempt to assert this claim would be futile anyway. To state a First Amendment retaliation claim, a plaintiff must allege that: (1) the plaintiff engaged in a constitutionally protected activity; (2) a defendant took an adverse action against the plaintiff that would chill a person of ordinary firmness from continuing in the activity; and (3) the adverse action was motivated in part by the plaintiff's exercise of his constitutional

[6] Even if it were found that Hoel did not abandon these claims, he failed to state plausible claims for the reasons Defendants argue in their opening briefs. (ECF No. 28 at 9-11; ECF No. 33 at 8-11.)

rights. *Scheffler v. Molin*, 743 F.3d 619, 621 (8th Cir. 2014). In his opposition brief, Hoel offers only a single paragraph for his purported claim:

> Since filing this action, Plaintiff has faced retaliatory arrests and charges tied to the June 5, 2024 incident. Retaliation for exercising the right to petition the courts violates the First Amendment. *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283–84 (1977). Allegations of retaliatory prosecution state a claim. *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

(ECF No. 38 at 1.) This paragraph provides nothing more than mere labels and legal conclusions. He does not allege the elements of this claim, much less, identify who it is asserted against. The claim should thus be dismissed for this reason too.

## III. Hoel has failed to state a plausible *Monell* claim against the Defendant City of Minneapolis (Count 3).

Start with the Amended Complaint. Hoel asserts a *Monell* claim (Count 3) and invokes failure-to-train labels in his one-sentence explanation: "City of Minneapolis and Minneapolis Police Department maintain ***policies or customs of inadequate training and supervision***, causing violations of constitutional rights." (ECF No. 9 at 5 (emphasis added).) Municipal liability is "most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). To be actionable, a failure to train must amount to a "deliberate indifference" to the right of the individuals with whom officers come into contact. *Connick*, 563 U.S. at 61.

Deliberate indifference is a "stringent standard of fault." *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997). It requires proof that city policymakers consciously disregarded the "known or obvious consequence" that a particular omission in their training program would *cause* city employees to violate citizens' constitutional rights. *See id*. And it requires that the indifference be directed to the risk of the particular harm that gave rise to the lawsuit. *See id*. A plaintiff must show that, "in light of the duties assigned to specific officers, the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (citing *City of Canton*, at 489 U.S. at 390).

As set forth in the City's opening brief, and ignored in Hoel's opposition brief, Hoel has not alleged anything in the Amended Complaint that states a plausible claim under this stringent standard. (*See* ECF No. 28 at 4-7.) He does not identify who he believes the city policymakers are. (*See* ECF No. 9; *see also* ECF No. 28 at 6.) He does not allege that *any* purported policymakers had notice of any such problems. (*See* ECF No. 9; *see also* ECF No. 28 at 6.) He does not allege any facts concerning officer training. (*See* ECF No. 9; *see also* ECF No. 28 at 6.)[7] He does not allege any facts about any training that would permit an inference that the City made a deliberate choice to ignore the obvious risk to

[7] Even if he had, municipal liability under *City of Canton* does not attach merely because there exists some form of training that the municipality could have provided that might have prevented the constitutional violation. *Connick*, 563 U.S. at 62; *see also Mendoza v. U.S. Immigration & Customs Enforcement*, 849 F.3d 408, 420 (8th Cir. 2017) ("Lack of particularized training that might have prevented [the unlawful conduct] does not establish a constitutional violation.").

individuals' constitutional rights of not performing specific training. (*See* ECF No. 9; *see also* ECF No. 28 at 6.)[8] And he alleges only a single incident—not a pattern. (*See* ECF No. 9; *see also* ECF No. 28 at 6); *Connick*, 563 U.S. at 62 ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train."). Hoel fails to state a plausible failure-to-train *Monell* claim.

Hoel's arguments cannot and do not save his claim. After a few legal cites, he offers a single paragraph:

> **City of Minneapolis:** Officers discarded gemstones, failed to return property, and refused to release bodycam footage. Sgt. Gagnon's refusal to return Plaintiff's bike reflects policymaker-level deliberate indifference.

(*See* ECF No. 38 at 2.) He did not allege anything concerning the release of bodycam footage in his Amended Complaint. (*See* ECF No. 9.) What remains of his argument simply amounts to labeling the purported actions of individuals (without citing his pleading) with "reflects policymaker-level deliberate indifference." (*See* ECF No. 38 at 2.) Such labels are certainly not enough under the pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And, given the paucity of allegations, Hoel would be subjecting the City to the burden of discovery under a theory that is indistinguishable from the *respondeat superior* theory rejected in *Monell* and its progeny. *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978); *City of Canton*, 489 U.S. at 385 ("*Respondeat*

---

[8] A close link of causation is required: A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. *Bryan County*, 520 U.S. at 404.

*superior* or vicarious liability will not attach § 1983."). This is exactly what Rule 12(b)(6) was designed to prevent. The Court should dismiss Count 3.[9]

## IV. Hoel fails to state a plausible claim under 42 U.S.C. § 1983 against Sergeant Gangnon, Officer Didovic, and Officer Sporny (Counts 1-2).

Start with the Amended Complaint once again. Hoel asserts claims under 42 U.S.C. § 1983 for false arrest and unlawful detention (Count 1) and unlawful search and seizure (Count 2). (ECF No. 9 at 4-5.)[10] He does not identify which Defendants these claims are asserted against. (*Id.*) But he offers two-sentence descriptions of each claim and asserts that the same conduct violates both the Fourth and Fourteenth Amendments. (*Id.*) The United States Supreme Court has held that, where a Constitutional provision provides an explicit textual source of protection, a court must assess a plaintiff's claims under the explicit provision. *See Conn v. Gabbe*rt, 526 U.S. 286, 293 (1999) (explaining that the plaintiff's challenge to the reasonableness of a search by a government agent clearly fell under "the Fourth Amendment, not the Fourteenth."); (*see also* ECF No. 33 at 8.) At the outset, the due process components of Counts 1 and 2 should be dismissed.

Stripping away the labels and legal conclusions, Hoel does not allege a plausible false arrest and unlawful detention claim (Count 1). *See Iqbal*, 556 U.S. at 680 ("We begin

---

[9] Count 3 should also be dismissed because there is no underlying constitutional violation. *Mitchell v. Kirchmeier*, 28 F.4th 888, 902 (8th Cir. 2022); *see* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (holding that, to state a claim under section 1983, a plaintiff must allege (i) a violation of a right secured by the Constitution and laws of the United States and (ii) that the alleged deprivation was committed by a person acting under color of state law); *see also* ECF No. 28 at 7-9; Sn. IV, *infra*.

[10] Hoel's accusations regarding being "held in custody for three days without charges" appear to be directed to Hennepin County—not Defendants. (*See* ECF No. 9 at 2; ECF No. 38 at 2-3.)

our analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth."). He alleges only the following about the arrest:

> On June 5, 2024, Plaintiff was unlawfully arrested by Defendant Officers Didovic and Sporny without a warrant, valid probable cause, or exigent circumstances.
>
> The arrest was based on a vague 911 report alleging theft, but no narcotics or criminal activity was substantiated.

(ECF No. 9 at 3.) In the allegations, Hoel relies on labels and legal conclusions like "unlawfully arrested," "valid probable cause," and "exigent circumstances," but he is not entitled to have this Court accept their veracity. (ECF No. 9 at 3); *see also Iqbal*, 556 U.S. at 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Hoel does not allege any *factual content* that would allow a court to reasonably infer that Officers Didovic and Sporny falsely arrested or unlawfully detained him, and he does not allege that Sergeant Gangnon had anything to do with the arrest or detention of Count 1. Count 1 should be dismissed.

What little else he does allege *supports* that the officers had probable cause. A warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). In the Amended Complaint, he alleges that the arrest was based on a "911 report alleging theft." (ECF No. 9 at 3); *see also United States v. Crawford*, 93 F.4th 436, 441 (8th Cir. 2024) ("Because probable cause existed based on the 911 calls…"). Although Hoel calls the report "vague" and says, "no narcotics or criminal activity was substantiated," he does not provide any factual allegations

explaining in what respect the report was "vague" or *when* the officers purportedly determined that no criminal activity had been substantiated. (*See* ECF No. 9 at 3.) Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer ***at the time*** of the arrest and is not defeated by reasonable mistakes. *Devenpeck*, 543 U.S. at 152; *Bell v. Neukirch*, 979 F.3d 594, 603 (8th Cir. 2020). There is nothing alleged in the Amended Complaint that would permit a reasonable inference that Hoel was false arrested or unlawfully detained. Count 1 should be dismissed.

Stripping away the labels and legal conclusions, Hoel does not allege a plausible claim for unlawful search and seizure (Count 2). Hoel ostensibly alleges the following concerning this claim:

> During the arrest, officers searched Plaintiff's pockets without consent or warrant, seized personal gemstones, referred to as "rocks," and discarded them onto loose dirt at a roadside construction area, resulting in loss and damage to these spiritually valuable items.
>
> Following release, Plaintiff repeatedly contacted Sergeant Gangnon and other officials to recover his personal property, including a bicycle, laptop, digital camera, two bags, and a custom Swiss Army knife, but was refused or ignored.

(ECF No. 9 at 3-4.) He does not allege that (i) Sergeant Gangnon searched or seized any of his property or (ii) had anything to do with the allege discarding of gemstones. (*See id.*) Instead, he alleges only that Sergeant Gangnon was "responsible for post-arrest property handling and procedures" without any specific allegations about what Gangnon's involvement, except to group Sergeant Gangnon with unnamed "other officials" that allegedly "refus[ed] or ignore[ed]" his purported attempts to recover property. (*Id.*) Count 2 should be dismissed against Sergeant Gangnon.

Hoel does not assert a plausible claim for unlawful search and seizure against Officers Didovic and Sporny. Searches conducted outside the judicial process, without prior approval by a judge or magistrate, are *per se* unreasonable under the Fourth Amendment, subject to certain exceptions. *Arizona v. Gant*, 556 U.S. 332, 338 (2009). Among the exceptions to the warrant requirement is a search incident to a lawful arrest. *Id*. The exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations. *Id*. Here, after alleging that his arrest was based on a "911 report alleging theft," Hoel alleges that a search occurred "[d]uring the arrest." (ECF No. 9 at 3.) When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape, and it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. *Chimel v. California*, 395 U.S. 752, 762–63 (1969). In the Amended Complaint, Hoel alleges that the "gemstones" were in his pocket but says nothing about any other items. (*See* ECF No. 9.) His allegations are consistent with a *legal* search and seizure incident to arrest; nothing in the Amended Complaint would allow a court to draw a reasonable inference that the alleged search and seizure were unlawful. Without further factual enhancement, Hoel's allegations amount to nothing more than the very "sheer possibility that a defendant has acted unlawfully" sort (if that) that the Supreme Court has rejected. *Iqbal*, 556 U.S at 678. That his allegations *might* be consistent with potential liability, if *much* more were alleged, is not enough; Hoel's assertions "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id*. at 678.

> Hoel's arguments are unavailing:
>
> Plaintiff was arrested and searched without probable cause. Officers removed gemstones from his pockets, referred to them as "rocks," and thew them into dirt at a road construction site. His bicycle, laptop, camera, knife, and other property were confiscated and never returned, despite repeated requests to Sgt. Gagnon. The City also refused to release body-worn camera footage under a blanket "open investigation" excuse.
>
> • Arrests without probable cause violate the Fourth Amendment. *Beck v. Ohio*, 379 U.S. 89, 91 (1964).
>
> • Seizures and destruction of property are unconstitutional. *Soldal v. Cook Cnty.*, 506 U.S. 56, 61–62 (1992).

(ECF No. 38 at 2.)[11] Citing only *Soldal*, Hoel ostensibly argues that an unlawful seizure and destruction of property occurred because (i) gemstones, which, he says, the officers called "'rocks,'" were removed and (ii) other property was confiscated and never returned. (*Id*. (citing *Soldal v. Cook Cnty.*, 506 U.S. 56, 61–62 (1992)).) For the reasons above, nothing in the Amended Complaint would allow a court to draw a reasonable inference that any property was unlawfully seized. He appears to allege that he "retrieve[d] the discarded gemstones." (ECF No. 9 at 4.) And he does not allege what property was purportedly destroyed and who destroyed it. (*See Id.*) Nevertheless, in *Soldal*, the United States Supreme Court cited *Jacobsen* for the proposition that it determined whether the invasion of the owners' possessory interests occasioned by the destruction of a powder was reasonable under the Fourth Amendment. *Soldal*, 506 U.S. at 63 (citing *United States v. Jacobsen,* 466 U.S. 109 (1984)). And, in *Jacobsen*, the Court held that "we conclude that

[11] Hoel did not include any allegations in the Amended Complaint concerning "body-worn camera footage," and the Court should not consider such allegations now.

the destruction of the powder during the course of the field test was reasonable." *Jacobsen*, 466 U.S. at 125. Hoel's reliance on *Soldal* is misplaced. Hoel's arguments fail to move his claims across the line between mere possibility, if even that, to plausibility of entitlement to relief. Count 2 should be dismissed.

## V. Hoel's claims under 42 U.S.C. § 1983 against Sergeant Gangnon, Officer Didovic, and Officer Sporny (Counts 1-2) are barred by qualified immunity.

Hoel argues that qualified immunity does not apply. (ECF No. 38 at 3.) Under the doctrine of qualified immunity, officers are generally immune from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Manning v. Cotton*, 862 F.3d 663, 667 (8th Cir. 2017) (quotation omitted). This doctrine gives officers breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law. *Id*. at 667–68 (quotation omitted). For section 1983 claims, an officer *is entitled to* qualified immunity *unless* two factors are met: (1) the officer's conduct violated a constitutional right, *and* (2) that right was clearly established. *Id*. at 668. To overcome this defense, the plaintiff must establish both factors. *Wilson v. Lamp*, 901 F.3d 981, 986 (8th Cir. 2018). As described above, Hoel has failed to allege factor (1), that is, that the officers violated a constitutional right. *See,* sn. IV, *supra*. Qualified immunity applies for at least this reason. *See McCaster v. Clausen*, 684 F.3d 740, 746 (8th Cir. 2012). He also fails to establish the factor (2).

Hoel relies solely on *Beck* and *Soldal* to argue what constitutes factor (2), a "clearly established" right:

• Arrests require probable cause (*Beck*).

• Property may not be arbitrarily seized or destroyed (*Soldal*).

(ECF No. 38 at 3.) An officer violates a clearly established right only if a reasonable officer in the same position would understand his conduct violates the right. *Dillard v. O'Kelley*, 961 F.3d 1048, 1052 (8th Cir. 2020) (en banc). In determining whether an officer violated a clearly established right, a court should "look for a controlling case or 'a robust consensus of cases of persuasive authority'" that "involves sufficiently similar facts to squarely govern" the conduct at issue and places the question "beyond debate." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011); *Perry v. Adams*, 993 F.3d 584, 587 (8th Cir. 2021); *Dillard*, 961 F.3d at 1052. Courts must not define clearly established law at a high level of generality. *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (quotation omitted). But Hoel seemingly cites *Beck* and *Soldal* for only general propositions (e.g., "[a]rrests require probable cause") and does not even attempt to argue that these cases involve sufficiently similar facts to squarely govern what he alleges. Qualified immunity applies for this reason too.

Based on his allegations, it is unclear how Hoel could argue that *Beck* and *Soldal* "involves sufficiently similar facts to squarely govern" the conduct at issue and places the question "beyond debate" in any event. *Beck* concerned only the validity of an arrest and involved a vehicle stop in which the record did not show that the officers "saw, heard, smelled, or otherwise perceived anything else to give them ground for belief that the petitioner had acted or was then acting unlawfully." *Beck v. State of Ohio*, 379 U.S. 89, 94 (1964). And *Soldal* concerned only the validity of the seizure and involved a "seizure of the Soldal's home in a noncriminal context." *Soldal*, 506 U.S. at 66–67 (1992). Here,

however, Hoel himself alleges that (i) his arrest was based on a "911 report alleging theft" and (ii) he was searched, and his gemstones were seized, "[d]uring arrest." (ECF No. 9 at 3.) Hoel has not shown that *Beck* or *Soldal* involved an arrest following a 911 call alleging a crime or search and seizure following such an arrest. *See Crawford*, 93 F.4th at 441 ("Because probable cause existed based on the 911 calls…"); *see also Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("When information [regarding an alleged crime] is received from a putative victim or an eyewitness, probable cause exists… unless the circumstances raise doubt as to the person's veracity."). As alleged, Hoel's sole reliance on *Beck* and *Soldal* is fatally flawed and destined to fail. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (Rule 12(b)(6) "serves to eliminate actions which are fatally flawed in their legal premises and destined to fail."). Hoel has failed to establish factor (2). Qualified immunity applies for this reason too. Counts 1 and 2 should be dismissed.

**CONCLUSION**

The Amended Complaint should be dismissed in its entirety against Defendants City of Minneapolis, Officer Adnan Didovic, Officer Stephen Sporny, and Sergeant Phillip Gangnon.

Dated: September 5, 2025

KRISTYN ANDERSON
City Attorney
By

<u>*/s/ Adam E. Szymanski*</u>
ADAM E. SZYMANSKI (#3997704)
Assistant City Attorney
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210

Minneapolis, MN 55415
(612) 673-2186
adam.szymanski@minneapolismn.gov

*Attorney for Defendants City of Minneapolis, Officer Adnan Didovic, Officer Stephen Sporny, and Sergeant Phillip Gangnon*