**United States District Court, District of Minnesota**

Case No. 0:25-cv-02212-JRT-EMB

**Robert Brooks Hoel,**
Plaintiff,

v.

**City of Minneapolis; Hennepin County; Officer Adnan Didovic (#1537); Officer Stephen Sporny (#6736); Sergeant Phillip Gangnon (#2179); and John Does 1–X,** Defendants.

---

## Plaintiff's Motion for Leave to File Second Amended Complaint and Sur-Reply and Memorandum in Support

### MOTION

Plaintiff respectfully moves the Court under Fed. R. Civ. P. 15(a)(2) for leave to file the attached **Second Amended Complaint ("SAC")**. In addition, because Defendants' consolidated reply brief (ECF No. 39) raised new factual and legal arguments, Plaintiff seeks leave to file this sur-reply to address them.

---

### ARGUMENT

#### I. Rule 15(a)(2) requires liberal amendment.

The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). No scheduling order is in place; no prejudice will result. The SAC clarifies factual allegations already previewed in Plaintiff's opposition and corrects technical issues (such as naming **Hennepin County** rather than the Sheriff's Office).

#### II. The SAC cures every pleading deficiency identified in Defendants' motions.

a) **Misnomer:** The SAC substitutes **Hennepin County** for "Hennepin County Sheriff's Office," resolving the non-suable-entity objection.

b) **Monell specificity:** The SAC pleads detailed customs and practices: (a) MPD property destruction and withholding, (b) HCSO intake practices (forced fingerprinting while cuffed, full-body scanning, cold confinement stripped to underwear, constant camera

surveillance of one-room cells with toilets exposed, and coerced kneeling against the wall).

c) **Property deprivation:** The SAC sets out the timeline: (a) most property destroyed within three months without notice or inventory; (b) $2,000 bicycle withheld nearly a year, released only after a 311 call; (c) retaliatory narcotics charges filed immediately afterward.

d) **Conditions of confinement:** The SAC includes vivid facts: Plaintiff's teeth chattered for three days despite being born and raised in Minnesota, his shirt tore as he tried to cover his knees, and he remained bare-skinned in a freezing cell under total surveillance. These allegations meet and exceed Eighth Circuit standards (*Campbell v. Cauthron*, 623 F.2d 503; *Whitnack v. Douglas Cnty.*, 16 F.3d 954).

e) **Fourth Amendment violations:** Plaintiff clarifies he was handcuffed and searched solely for refusing ID (*Brown v. Texas*, 443 U.S. 47). No stolen property was found. All subsequent evidence is fruit of the poisonous tree (*Beck v. Ohio*, 379 U.S. 89; *Hayes v. Florida*, 470 U.S. 811).

**III. The SAC states a plausible First Amendment retaliation claim.**

Plaintiff alleges prosecutors filed narcotics charges **after** he forced the return of his bicycle, nearly a year post-incident, and after this lawsuit was filed. This sequence supports a retaliation claim under *Hartman v. Moore*, 547 U.S. 250 (2006).

**IV. Defendants' reply arguments cannot stand against the new allegations.**

- Defendants argue Plaintiff's allegations are "conclusory." The SAC now cites specific exhibits (911 transcript, MPD incident report), details the arrest on Hennepin Avenue, explains property destruction within three months, and describes intake abuse with specificity.
- Defendants claim jail procedures were "routine." The SAC alleges practices so extreme (forced biometric scans, forced kneeling with nose to wall, three-day freezing confinement with teeth chattering, constant camera surveillance while defecating) that they cannot be justified as administrative.

---

**CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court:

1. Grant leave to file the attached Second Amended Complaint;

2. Permit Plaintiff's sur-reply addressing new arguments in Defendants' reply brief; and
3. Grant such other relief as the Court deems just and proper.
4. A copy of the proposed Second Amended Complaint is submitted with this motion as Exhibit A.

---

**Dated:** September 5, 2025

Respectfully submitted,

/s/ Robert Brooks Hoel
Robert Brooks Hoel
General Delivery
Minneapolis, MN 55401
Email: bobhoel@gmail.com
Plaintiff, in propria persona