**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

Robert Brooks Hoel , Case No. 0:25-cv-02212 (JRT/EMB)

Plaintiff,

v.

City of Minneapolis; Minneapolis Police Department; Hennepin County Sheriff's Office; Officer Adnan Didovic; Sergeant Phillip Gagnon; Officer Stephen Sporny; and John Does 1-X

Defendants,

---

**PLANTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

(Filed pursuant to Court Order [ECF 44]

---

## I. INTRODUCTION

Pursuant to the Court's Order [ECF 44], Plaintiff submits this Sur-Reply to address new arguments and factual characterizations first introduced in Defendants' Reply Memoranda [ECF 39 and 41]. The Court granted leave precisely for this purpose. These replies shifted the legal framework, relied on facts outside the pleadings, and misstated the record. This Sur-Reply clarifies the existing pleadings and demonstrates that Defendants' motions must be denied.

---

## II. THE REPLIES IMPROPERLY RECHARACTERIZE PLAINTIFF'S RESPONSIVE FACTS AS "NEW"

Hennepin County asserts that Plaintiff's opposition "amended" his complaint by detailing jail intake abuses (ECF 39 at 1-3). Those facts merely expanded the already-pled allegations of unconstitutional conditions and forced identification in the Amended Complaint (ECF 9 ¶¶ 27-38). Courts construe pro se filings liberally to clarify, not penalize, a plaintiff's description of

known events. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, Plaintiff promptly sought formal leave to amend and to file this Sur-Reply (ECF 42), which the Court granted. Accordingly, the County's "improper amendment" argument fails.

## III. HENNEPIN COUNTY IS A PROPER DEFENDANT AND ITS INTAKE POLICIES STATE A MONELL CLAIM

Defendant relies on In re Scott County Master Docket, 672 F. Supp. 1152 (D. Minn. 1987), to argue the Sheriff's Office is not suable. Plaintiff has already resolved that technicality by substituting Hennepin County in the proposed pleading (ECF 42 at 2). Dismissal on form alone is moot.

## IV. THE CITY AND OFFICERS' REPLIES RAISE NEW THEORIES OF PROBABLE CAUSE AND IMMUNITY

The City and officers now argue for the first time that "a reasonable officer could believe the arrest lawful" because Plaintiff was near a construction site (ECF 41 at 2-3). No such theory appears in their opening briefs (ECF 28 or 33). Plaintiff was seized solely for refusing to produce identification, conduct the Supreme Court has deemed insufficient to create probable cause. Brown v. Texas, 443 U.S. 47 (1979). Officers lacked a reasonable basis to believe that refusal constituted a crime; qualified immunity does not extend to violations of clearly established law. Beck v. Ohio, 379 U.S. 89 (1964); Harlow v. Fitzgerald, 457 U.S. 800 (1982).

Defendants also recast their property-destruction conduct as "routine contraband disposal." Plaintiff was never charged with narcotics possession at the time and his gemstones were identifiable personal property seized without process—an arbitrary deprivation forbidden by Soldal v. Cook County, 506 U.S. 56 (1992).

## V. THE RETALIATION CLAIM REMAINS PLAUSIBLE

Defendants suggest that the year-long gap between the June 2024 incident and subsequent narcotics charges defeats causation. The timeline instead shows a continuous pattern: property withheld until after Plaintiff initiated this lawsuit, followed by charges filed immediately thereafter. This is the precise sequence recognized in Hartman v. Moore, 547 U.S. 250 (2006), as sufficient to plead First Amendment retaliation.

---

## VI. CONCLUSION

The defendants' replies raise new factual assertions and legal theories that underscore the need for discovery rather than dismissal. When the facts are taken as true and liberally construed in favor of a pro se plaintiff, each of Plaintiff's claims states a plausible constitutional violation. The Court should deny all pending motions to dismiss and permit this case to proceed to discovery.

---

Dated: October 24, 2025

Respectfully submitted,

/s/ Robert Brooks Hoel

Robert Brooks Hoel

General Delivery

Minneapolis, MN 55401

bobhoel@gmail.com

Plaintiff, Pro Se