**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ROBERT BROOKS HOEL*,*

                                                Civil No. 25-2212 (JRT/EMB)
                            Plaintiff,

v.

CITY OF MINNEAPOLIS;

MINNEAPOLIS POLICE DEPARTMENT;

                                        **MEMORANDUM OPINION AND ORDER**
HENNEPIN COUNTY SHERIFF'S OFFICE;        **GRANTING IN PART DEFENDANTS'**
                                               **MOTIONS TO DISMISS**

OFFICER ADNAN DIDOVIC, *Badge #1537*;

OFFICER STEPHEN SPORNY, *Badge #6736*;

SERGEANT PHILLIP GANGNON, *Badge
#2179*;

JOHN DOES 1-X;

                            Defendants.

---

Robert Brooks Hoel, General Delivery, Minneapolis, MN 55401, *pro se* Plaintiff.

Matthew L.R. Messerli and Sarah McLaren, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, 300 South Sixth Street, Minneapolis, MN 55487, for Defendant Hennepin County Sheriff's Office.

Adam E. Szymanski, Sara J. Lathrop, and J. Haynes Hansen, **MINNEAPOLIS CITY ATTORNEY'S OFFICE**, 350 South Fifth Street, Minneapolis, Suite 210 MN 55415, for Defendants City of Minneapolis, Officer Adnan Didovic, Officer Stephen Sporny, and Sergeant Phillip Gangnon.

Plaintiff Robert Brooks Hoel, proceeding pro se, alleges that Defendants violated federal and state law when he was arrested and detained on June 5, 2024. Hoel generally asserts that Defendants, the City of Minneapolis, the Minneapolis Police Department, the Hennepin County Sheriff's Office, and several individual law enforcement officers violated his rights under the United States Constitution through an unlawful search and seizure of his person and property. Defendants now move to dismiss Hoel's claims with prejudice, arguing that some of the sued entities are immune and that, for the other entities, Hoel fails to state a plausible claim. For the reasons set forth below, the Court will grant the Defendants' motions to dismiss to the extent they seek dismissal of Hoel's claims and will dismiss the action without prejudice.

**BACKGROUND**

## I.    FACTS

Hoel was arrested on June 5, 2024, after a 911 report alleged theft. (Am. Compl. at 3, June 12, 2025, Docket No. 9.)[1] During the arrest, Hoel was searched by police who discarded his "spiritually valuable" "personal gemstones," resulting in their loss. (*Id.*) Hoel asserts that other personal property was "lost, destroyed, or mishandled" and that

---

[1] Because the Amended Complaint does not contain numbered paragraphs, the Court cites to page numbers.

his bicycle remains unreleased.[2]  (*Id.* at 4.)  Hoel was subsequently held for three days at the Hennepin County Jail, "operated by the Hennepin County Sheriff's Office" in "cold jail conditions[.]"  (*Id.* at 3–4.)  Hoel was "forced under duress to identify himself to secure release and retrieve the discarded gemstones."  (*Id.*at 4.)  Following his release, Plaintiff alleges that he "repeatedly contacted Sergeant Gangnon and other officials to recover his personal property, including a bicycle, laptop, digital camera, two bags, and a custom Swiss army knife, but was refused or ignored."  (*Id.*)

With respect to the Minneapolis Police Department and the City of Minneapolis, Hoel alleges that they failed to train and supervise officers and jail deputies "contributing to the unlawful arrest, property loss" and violations of Hoel's constitutional rights.  (*Id.* at 4.)

## II.   PROCEDURAL HISTORY

Hoel brought this action against Defendants on May 22, 2025 (Compl., Docket No. 1) and then filed an Amended Complaint on June 12, 2025 (Am. Compl., Docket No. 9).  In July and August of 2025, Defendants filed motions to dismiss.  (Def. Hennepin Cnty. Sheriff's Office's Mot. to Dismiss, June 27, 2025, Docket No. 14; Mot. to Dismiss by Def. City of Minneapolis, Adnan Didovic, Stephen Sporny, and Phillip Gangnon, July 30, 2025, Docket No. 25; Mot. to Dismiss by Defs. Officer Adnan Didovic, Officer Stephen Sporny,

---

[2] In a subsequent filing, Hoel states the bicycle has since been returned, though Hoel contends it was only returned because he filed this lawsuit. (Mot. Second Am. Compl. & Surreply at 2, Sept. 5, 2025, Docket No. 42.)

and Sergeant Phillip Gangnon, Aug. 18, 2025, Docket No. 30.)  Hoel seeks compensatory damages of $400,000 for the loss and destruction of his personal property and for the "emotional, spiritual, and mental distress" caused by his "arrest, detention, and mistreatment."  (Am. Compl. at 6.)  Hoel further seeks punitive damages of $500,000. (*Id.*)

After the motions to dismiss were fully briefed, Hoel filed a "Motion for Leave to File Second Am. Compl. and Sur-Reply and Memorandum in Support."  (Sept. 5, 2025, Docket No. 42.)  The Court granted Hoel's motion to file a surreply but denied leave to file a second amended complaint.  (Order, Sept. 11, 2025, Docket No. 44.)  Hoel's surreply was filed on Oct. 24, 2025.  (Pl.'s Surreply, Docket No. 45.)

## DISCUSSION

### I.   STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face."  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, to survive a motion to dismiss, a complaint "does not need detailed factual allegations" but must include "more than labels and conclusions, and a formulaic recitation of the elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court liberally construes documents filed by a pro se litigant and holds them to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, pro se litigants are not excused from complying with substantive or procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.   ANALYSIS

Hoel asserts five counts in his Amended Complaint: "False Arrest and Unlawful Detention (42 U.S.C. § 1983, Fourth and Fourteenth Amendments)," "Unlawful Search and Seizure (42 U.S.C. § 1983, Fourth Amendment)," "Failure to Train and Supervise

(Monell Claim Against City of Minneapolis)," "Civil Conspiracy (42 U.S.C. §§ 1985 & 1986)," and "State Law Claims for Conversion and Misconduct." (Am. Compl. at 4–5.)[3]

Hoel's Amended Complaint asserts these claims against the City of Minneapolis, the Minneapolis Police Department; the Hennepin County Sheriff's Office; Officers Adnan Didovic, Stephen Sporny, and Sergeant Phillip Gangnon (the "MPD Officers"); and John Does 1-X, unidentified Hennepin County Sheriff's Office deputies. Hoel does not clearly identify which claims are asserted against which Defendants; however, because Hoel is proceeding pro se, the Court will liberally construe his Amended Complaint and will consider the most appropriate Defendants when possible.[4]

### A. Counts One and Two: False Arrest, Unlawful Detention, and Unlawful Search and Seizure

With respect to Count One, Hoel alleges that he was "arrested without probable cause or warrant, violating his Fourth Amendment rights" and then "detained for three days without charges, violating due process rights under the Fourteenth Amendment."

---

[3] In Hoel's opposition to the motions to dismiss, Hoel makes additional factual assertions and asserts new legal claims, including under the First and Eighth Amendments. (Pl.'s Mem. Opp. at 3, Aug. 22, 2025, Docket No. 38.) The Court considers the supplemented facts, but it will not address the additional legal theories. The Court, however, notes that, as presented, they would fail to allege facts sufficient to state a claim.

[4] Hoel's original complaint included a police report and a transcription of a 911 call. (Compl., Ex. A & Ex. B, May 22, 2025, Docket No. 1.) Neither the original Complaint nor the Amended Complaint incorporates the facts contained in either of these exhibits. However, even if such exhibits are considered, they offer no additional facts to help Hoel's claims survive Defendants' motions to dismiss.

(Am. Compl. at 4.)  With respect to Count Two, Hoel alleges that his "person and property were searched and seized without warrant or consent" resulting in the loss of his "gemstones and other property" and "deprivation without due process."  (*Id.* at 4–5.)

42 U.S.C. § 1983 allows individuals to sue state actors who violate their rights under the constitution and federal law.  *Medina v. Planned Parenthood S. Atl.*, 606 U.S. 357, 365 (2025).  To state a claim under § 1983, a plaintiff must adequately allege a constitutional violation as well as each defendant's personal involvement in the violation.  *Kingsley v. Lawrence Cnty., Missouri*, 964 F.3d 690, 700 (8th Cir. 2020).

As a threshold matter, police departments and sheriff's offices are not legal entities amenable to suit under § 1983.  *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001).  Thus, any § 1983 claims against the Minneapolis Police Department and the Hennepin County Sheriff's Office are improper and will be dismissed without prejudice.

### 1.      Search and Arrest

With respect to Hoel's allegations that the MPD Officers who arrested him violated his Fourth Amendment or due process rights, Hoel has not adequately alleged a constitutional violation.

"To establish a violation of the Fourth Amendment in a section 1983 action, the claimant must demonstrate a seizure occurred and the seizure was unreasonable."  *McCoy v. City of Monticello*, 342 F.3d 842, 846 (8th Cir. 2003).  The parties do not contest that a search and seizure occurred—Hoel was arrested and his belongings were searched

and seized—but Hoel does not provide any facts to support his conclusion that either the arrest or the search incident to the arrest were unreasonable. Hoel alleges simply that he was "unlawfully arrested by Defendant Officers Didovic and Sporny without a warrant, valid probable cause, or exigent circumstances." (Am. Compl. at 3.) But in addition to this unsupported legal conclusion, the only **fact** Hoel provides is that there was a 911 call alleging theft (*id.*), a fact that would support the MPD Officers having probable cause to arrest Hoel. Hoel does not assert any facts that would support his allegation that he was unlawfully arrested.

Nor does Hoel assert any facts that would support his allegation that he was unlawfully searched. Hoel's Amended Complaint states only that he was unlawfully arrested and that "officers searched Plaintiff's pockets[.]" (*Id.*) But "[s]earches of the person and those articles 'immediately associated' with the person may be made either at the time of arrest or when the accused arrives at the place of detention." *Curd v. City Ct. of Judsonia, Ark.*, 141 F.3d 839, 843 (8th Cir. 1998).

In short, Hoel provides no facts that would support his conclusions that the search or arrest violated any constitutional right.

### 2. Detention

With regards to the detention following his arrest, Hoel alleges that he "was unlawfully detained for three days without charges, violating due process under the Fourteenth Amendment." (Am. Compl. at 4.) Hoel again provides scant facts to support

a constitutional violation, asserting only that he was held "in cold jail conditions" and he was "forced under duress to identify himself." (*Id.* at 3–4.)

Since Hoel alleges that he was detained "at the Hennepin County Jail, operated by the Hennepin County Sheriff's Office" (*id.* at 3), it appears that he is attempting to assert this claim against the Hennepin County Sheriff's Office or John Does 1-X, unidentified deputies in the Hennepin County Sheriff's Office.

As noted above, sheriff's offices cannot be sued under § 1983. *De La Garza*, 18 F. App'x at 437. And Hoel has not alleged any specific deputy's "personal involvement" in any specific violation. *See Kingsley*, 964 F.3d at 700. In the absence of any such specifics, the Court concludes that Hoel failed to state a claim on which relief can be granted.

The Court will dismiss Counts One and Two without prejudice.

### B.    Count Three: *Monell* Claim

Hoel alleges that "Defendant Minneapolis Police Department and the City of Minneapolis failed to train and supervise officers and jail deputies, contributing to the unlawful arrest, property loss, and violations of Plaintiff's constitutional rights." (Am. Compl. at 4.)

To state a claim of municipal liability under Section 1983, also known as a *Monell* claim, a plaintiff must allege that his "constitutional rights were violated by an action pursuant to official municipal policy or misconduct so pervasive among non-policymaking employees of the municipality as to constitute a 'custom or usage' with the force of law."

*Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998) (cleaned up) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

Hoel's barebones recitation of some of the legal elements of a *Monell* claim is insufficient. Hoel provides no "factual content" that would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Count Three will, therefore, be dismissed.

### C.      Count Four: Civil Conspiracy Claim

With respect to Count Four, Hoel alleges that "Defendants conspired to violate [his] civil rights" or "failed to prevent or remedy these conspiracies." (Am. Compl. at 5.)

To state a claim of civil conspiracy pursuant to § 1983, a plaintiff must allege that "(1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). "The plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." *Id.*

As discussed above, Hoel has insufficiently alleged any deprivation of a constitutional right. Further, Hoel has not provided any factual basis to permit the inference that any Defendant conspired to violate his rights. Hoel only states in a conclusory fashion that the Defendants have conspired to violate his civil rights. (*See* Am.

Compl. at 5.)  This legal conclusion, on its own, is insufficient to support his claim.  *See Iqbal*, 556 U.S. at 678.  Count Four will, therefore, be dismissed.

### D.  Count Five: State Law Claims

In light of the Court's dismissal of Counts One through Four, the Court will decline to exercise supplemental jurisdiction over Hoel's Count Five, "State Law Claims for Conversion and Misconduct," and will dismiss those claims without prejudice.  *See* 28 U.S.C. § 1367; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (noting federal courts may dismiss state claims without prejudice so they may be "left for resolution to state tribunals").

### E.  Dismissal Without Prejudice

While Defendant Hennepin County moves the Court to dismiss Hoel's claims with prejudice, the Court determines that dismissal with prejudice is not warranted and will dismiss Hoel's claims without prejudice.  *See, e.g.*, *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (modifying a dismissal to be without prejudice so that plaintiff could refile his complaint to remedy defects); *Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010) (characterizing dismissal with prejudice as a "harsh remedy," particularly for pro se plaintiffs).

**CONCLUSION**

Because Hoel has failed to state a claim on which relief can be granted Defendants' motions to dismiss will be granted to the extent they seek Hoel's claims be dismissed, and Hoel's claims will be dismissed without prejudice.[5]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Hennepin County Sheriff's Office Motion to Dismiss (Docket No. [14]) is **GRANTED in part**. Plaintiff's claims against the Hennepin County Sheriff's Office and John Does 1-X are **DISMISSED without prejudice**.

2. Motion To Dismiss by Defendants City Of Minneapolis, Adnan Didovic, Stephen Sporny, Phillip Gangnon (Docket No. [25]) is **GRANTED**. Plaintiff's claims against the City of Minneapolis and the Minneapolis Police Department are **DISMISSED without prejudice**.

3. Motion to Dismiss by Defendants Officer Adnan Didovic, Officer Stephen Sporny, and Sergeant Phillip Gangnon (Docket No. [30]) is **GRANTED**. Plaintiff's

---

[5] A dismissal without prejudice means that Hoel may refile his Complaint, but for his new Complaint to survive, Hoel must fix the deficiencies and defects in his claims that were noted in this Order.

-13-

claims against Officer Adnan Didovic, Officer Stephen Sporny, and Sergeant

Phillip Gangnon are **DISMISSED without prejudice**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: March 2, 2026                              _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                            JOHN R. TUNHEIM
                                                     United States District Judge

-13-